Hillsborough, } No. 3534.
June 5, 1945. }

ROBERT MARTINEAU, *Adm'r* v. ERNEST WALDMAN.

*Thomas J. Bois* and *Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Wadleigh* orally), for the plaintiff.

*Charles F. Hartnett* (by brief and orally), for the defendant.

JOHNSTON, J. The procedure outlined in the former opinion has been correctly followed. "A question of law once decided is not reconsidered in the same case, except upon a motion for rehearing." *Olney* v. *Railroad*, 73 N. H. 85, 91. The question of the constitutionality of R. L., *c.* 355, *s.* 14 was raised by the defendant in his motion for a rehearing on the former transfer, and there is no necessity of that subject being considered again.

Whether the phrase "expenses of recovery" includes attorney fees is a new matter. In view of the fact that it is difficult to conceive of what other expense an administrator would have in obtaining damages by an action at law for the death of his intestate, beside the bill of the attorney for his services and cash out, it is reasonable to construe the phrase as including such fees. Cases to the effect that the losing party in litigation should not be obliged to pay counsel fees

except in exceptional instances are not in point. No one claims that the defendant should pay more than the amount of the damages awarded by the jury with taxable costs. The issue is how much he should benefit by the contributory negligence of one of the statutory beneficiaries. Such negligence bars only the recovery of the share of the distributee at fault and not the payments due others under the statute. That the Legislature has the power to lessen the effect of the defense of contributory negligence cannot be doubted. It may abolish defenses as to causes of action arising in the future, provided no provision of the constitution is violated. 16 C. J. S. 676, and cases cited.

The defendant argues that the attorney fees allowed were excessive. However in the absence of the transfer of the evidence concerning that issue, this court cannot rule that there was any abuse of discretion. Other points raised by the defendant's exceptions do not require discussion.

*Exceptions overruled.*

All concurred.