## Kling Appeal.

Argued November 15, 1968. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*John R. Miller,* with him *W. Roger Fetter,* and *Miller, Kistler, Lee & Campbell,* for appellants.

*Robert H. Raymond, Jr.,* Assistant Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

Opinion by Mr. Justice O'Brien, January 15, 1969:

This is an appeal from the order of the Court of Common Pleas of Union County, denying appellants' petition for the allowance of additional costs.

On January 9, 1963, certain real estate situate in Kelly Township, Union County, owned by J. Ward Kling and Gladys M. Kling, appellants here, was condemned by the Pennsylvania Department of Highways

for the purpose of improving and widening U. S. Highway Route 15. The parties could not agree on just compensation, and consequently a Board of Viewers was appointed. The Board awarded the Klings $32,-000.00, including detention damages.

The Klings appealed the award of the viewers, and after a five day trial, the jury returned a verdict in favor of the Klings, the condemnees, in the amount of $75,000.00, including detention damages. Judgment was entered on the verdict.

The condemnees then petitioned the court for the allowance of various costs and expenses under §519 of the Eminent Domain Code of 1964, Act of June 22, 1964, P. L. 84, 26 P.S. §1-519. That section provides: "All taxable costs, including filing fees, jury fees, statutory witness fees and mileage, expense of preparing plans under section 509, the expense of transporting the judge and jury to view the condemned property, and *such other costs as the court in the interests of justice may allow,* shall be paid by the condemnor unless the court in a proper case shall otherwise direct." (Emphasis added). The condemnees urged that the interests of justice required that they be permitted to recover, as additional costs, expert witness fees, engineering fees, and counsel fees. The court below denied relief, on two alternative grounds. First, the expenses claimed by the Klings were not "such other costs" within the meaning of §519. Second, even if they were, the interests of justice did not require the Commonwealth to pay such expenses in this particular case.

We agree with the court below that the expenses claimed by appellants were not "such other costs" within the meaning of §519, and we thus need not consider the second ground of the holding below. Appellants have cited no case which allows the taxation as

costs of either expert witness fees, or counsel fees. In fact the law is clear as to both of these that they are not taxable as costs. As to expert witness fees, the Act of July 21, 1941, P. L. 425, §9, 28 P.S. §416.9 indicates that they are not taxable as costs. *Rau v. Wilden Acres, Inc.*, 34 North. 88 (1955); *Capozzola & Kent v. D'Isidoro*, 29 North. 211 (1944). As to counsel fees, numerous cases and other authorities have held they are not taxable as costs, absent express statutory authority. For instance, 14 Standard Pa. Practice (Revised) provides at page 674: "Counsel fees, in general, have been held not to be taxable as costs unless the statute expressly includes such items as part of the costs." See also *Corace v. Balint*, 418 Pa. 262, 210 A. 2d 882 (1965); *Drummond v. Drummond*, 414 Pa. 548, 200 A. 2d 887 (1964); and *Whitney v. Jersey Shore Boro.*, 266 Pa. 537, 109 Atl. 767 (1920).

With regard to the engineering fees, it is true that one case has permitted the cost of preparing engineering plans to be taxed against the condemnor as costs. *Rush v. Allegheny County*, 159 Pa. Superior Ct. 163, 48 A. 2d 46 (1946). However, the circumstances in that case were unusual, for the county had violated its statutory duty to prepare a plan. The court was careful to limit its holding: "We do not wish to be understood as holding that a property owner is entitled to have the cost of preparing a plan of his property taxed as part of the costs in every proceeding to assess damages for the taking, injury or destruction of private property, *but only where a county or the Commonwealth, as the case may be, has failed to provide a plan.*" (Emphasis added). That decision has been enacted into statutory law in §509 of the Eminent Domain Code.[1] Although the case itself is limited to the

---

[1] "§1-509. Furnishing of plans to viewers

The condemnor shall furnish the viewers at or before the view with a plan showing the entire property involved, the improvements

situation where the condemnor fails to provide any plan, and the Department of Highways has here provided a plan, the statute extends the rationale of the case to situations where the condemnor's plans are insufficient. However, it also provides: "If the condemnor does not furnish a plan or the condemnor's plans are insufficient, the court, *on application of the condemnee*, may tax to the condemnor as costs reasonable expenses for plans furnished by the condemnee." (Emphasis added). Although the statute itself is ambiguous as to whether the application should come before or after the plans are drawn by the condemnee, the Comment of the drafters, the Joint State Government Commission, makes clear the intended procedure: "If the condemnor neglects to furnish a plan [or furnishes an insufficient one], it is contemplated that the court, upon petition, will permit the condemnee to have plans made and the costs thereof charged to the condemnor." In *Petition of Southgate Shopping Center, Inc.*, 41 Pa. D. & C. 2d 769, Wash. Co. (1967), the court, interpreting §509 and the Comment, held quite properly that the condemnee was obligated to petition the court for approval before having his own plans drafted if he intended to charge the Commonwealth for them. This rule is a sensible one; it may enable the court to get proper plans from the condemnor, or the court may rule that the existing

thereon, the extent and nature of the condemnation and such other physical data, including grades, as may be necessary for the proper determination of just compensation. If, in the opinion of the viewers, the plans are insufficient, they may require the submission of supplemental plans. Copies of the plans shall be furnished at the same time, without cost, to the condemnee upon written request therefor. If the condemnor does not furnish a plan or the condemnor's plans are insufficient, the court, on application of the condemnee, may tax to the condemnor as costs reasonable expenses for plans furnished by the condemnee."

plans are sufficient. In any event, where prior court approval is necessary, the chances are maximized that the cost of the plans will not be excessive. Here, appellants made no prior application to the court, and thus they cannot seek to tax this expense to the condemnor as part of the costs.

Appellants base their argument on the contention that the language in §519, "such other costs as the court in the interests of justice may allow", is meaningless unless their interpretation is adopted. They urge that the Legislature by this language must have intended to enlarge the previous meaning of the word "costs." Yet the Comment to the section provides only that it attempts to "clarify" the law. While we need not at this time decide exactly what "such other costs . . ." entails, it would appear that this language was inserted by the Legislature to prevent rigidity in the statute in this evolving area, and as a catch-all in case something was omitted in the enumeration.

What the language clearly does not mean is the interpretation opted for by appellants. Section 519 speaks only of "costs." In marked contrast, §408, referring to the revocation of condemnation proceedings, provides, inter alia: "Where condemned property is relinquished the condemnee shall be entitled to the damages sustained by him, *including costs, expenses, and reasonable attorney's fees.*" (Emphasis added). Clearly the Legislature knew how to provide for the allowance of expenses and attorney's fees when it so desired. The absence of such a provision in §519 is fatal to appellant's claim.

The order is affirmed.