[Civ. No. 25779. First Dist., Div. One. Nov. 6, 1969.]

CITY OF SANTA CLARA, Plaintiff and Appellant, v.
COUNTY OF SANTA CLARA, Defendant and Respondent.

## COUNSEL

Edwin J. Moore, City Attorney, M. Van Smith, Assistant City Attorney, and Robert Keith Booth, Jr., Deputy City Attorney, for Plaintiff and Appellant.

John R. Kennedy, County Counsel, and Selby Brown, Jr., Assistant County Counsel, for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—Plaintiff City of Santa Clara appeals from a summary judgment establishing no liability on the part of the defendant County of Santa Clara for accepting and keeping on deposit in its treasury certain condemnation funds, thereby depriving the city of interest on such funds

which would have been earned had the funds been deposited in the state treasury.

The following undisputed facts were established at the summary judgment proceedings. On March 6, 1964, the City of Santa Clara sought immediate possession of three parcels of land then undergoing condemnation proceedings in the superior court. On the city's applications, under Code of Civil Procedure section 1254, the court fixed the deposits required by that section at a total of $54,500. The orders were identical in form, each stating: "Now, therefore, it is ordered that plaintiff deposit in Court with the Clerk of said Court the sums hereinabove set forth, and upon said deposit made, plaintiff shall be entitled to an order of immediate possession of said property." They contained no directions to the clerk concerning a depository for the money. The money was forthwith delivered by the city to the clerk who deposited it in the county treasury. There the money remained until June 20, 1967, when it was returned, without interest, to the city.

Code of Civil Procedure section 1254, subdivision (h), states, as relevant here: "The court shall order the money to be deposited in the State Treasury, unless the plaintiff requests the court to order deposit in the county treasury, in which case the court shall order deposit in the county treasury. . . ." Subdivision (j) of section 1254 provides: "Interest earned and other increment derived from . . . deposits made pursuant to this section, after deposit of money in the State Treasury" shall be apportioned and paid *pro tanto* to the condemning authorities owning such deposits.

In the action below the County of Santa Clara was the only defendant; the case having been severed as to all fictitious defendants by the pretrial order. The plaintiff city contended that it had suffered a loss of $7,917.59 interest as a result of the failure of the county to deposit the subject funds in the state treasury. No theory was raised in the pleadings, pretrial order, or otherwise, that the county was unjustly enriched from the deposit of the funds in its treasury; the county had alleged that no interest was in fact earned thereon. It will be seen that no triable issue of fact was presented, only a question of law. The theory of the city was that the county, acting through its employees, the county clerk and county treasurer, was responsible for the interest loss.

The county clerk is ex officio clerk of the superior court (Gov. Code, § 26800). In depositing the funds here in question, he was acting in his capacity as clerk of that court. Any contentions that a county is responsible for the torts of its clerk while he is acting as clerk of the superior court is set at rest by *Union Bank & Trust Co. v. Los Angeles County,* 2 Cal.App.2d 600 [38 P.2d 442]. There the court said, "Where a public officer is declared by law by virtue of his office—*ex officio*—to be also the incum-

bent of another public office, the two offices are as distinct as though occupied by different persons [pp. 608-609] . . . . The duties of clerks are in general to serve the courts in a ministerial capacity, to act as custodians of its records and to perform such duties as are prescribed by law or imposed by the lawful authority of the court [p. 609]. . . . [¶¶] Neither the county as a public corporation nor its board of supervisors had power to direct or control any action of the county clerk while acting in the capacity of clerk of the superior court. The duties of such clerk are prescribed by general law of the state and by orders of the court of which he is clerk. As such clerk he is not answerable to the county, nor is the county liable for his tortious acts. [Citation.] The receipt of the money in evidence and its bailment to the clerk of the court as alleged in the complaint was a transaction between the owner of the money on the one hand and the court and its clerk on the other, to which the County of Los Angeles was a stranger . . . ." (P. 611.)

For yet another reason Santa Clara County cannot be held liable for the act of the clerk. As indicated in *Union Bank & Trust Co.* v. *Los Angeles County, supra,* 2 Cal.App.2d 600, 609, his duties are ministerial; they are such as are prescribed by law or the order of the court. Neither Code of Civil Procedure section 1254, nor any other law, imposes a duty on the clerk except to comply with the court's order as to the place of deposit of funds ordered paid into court. In the case at bench the court's order was silent as to where the funds should be deposited. Code of Civil Procedure section 573 provides: "Whenever money is paid into or deposited in the court, the same must be delivered to the clerk, . . . [who] must, unless otherwise directed by law, deposit such money with the county treasurer, to be held by him subject to the order of the court." By placing the subject funds with the county treasurer the clerk complied with section 573 without violating law or court order. His act being lawful, neither he nor his county employer (assuming *arguendo* such employment) can be accountable in damages therefor.

Nor can any liability attach to the county treasurer, or under *respondeat superior,* to the county. *Metropolitan Water Dist.* v. *Adams,* 32 Cal.2d 620 [197 P.2d 543], also concerned a deposit by a superior court clerk of funds posted in a condemnation action, with the Los Angeles County Treasurer. The transaction occurred prior to the enactment of the present "State Treasury" and "interest" provisions of section 1254. Speaking of the status of the country treasurer as such depository the court said: "[T]he county treasurer was representing the court and, acting as the court's ex-officio treasurer, . . ." (P. 623.) The court continued: "We have concluded that moneys deposited with the court as in the nature of security or a *cash bond* in order to gain possession of the subject property in eminent domain pro-

ceedings are legally in the custody and within the control of such court. . . . [P. 622.] [¶¶] As said in *G. H. Deacon Inv. Co. v. Superior Court* (1934) 220 Cal. 392, 397 [31 P.2d 372], quoting from *Marblehead Land Co. v. Superior Court* (1923) 60 Cal.App. 644, 653 [213 P. 718], 'It is certain that, when such money deposits are made and the consequent order for possession and use follows, the court making the order has exclusive control of the money deposited. . . .' [P. 625.] . . . [¶] The superior court has no treasury or treasurer of its own and the Legislature has directed that 'Whenever money is paid into or deposited in the court, the same must be delivered to the clerk . . . [who] must, unless otherwise directed by law, deposit such money with the *county treasurer, to be held by him subject to the order of the court.*' (Italics added; Code Civ. Proc., § 573.) [P. 626.] . . . [¶] For safekeeping the court is directed to place the money with the county treasurer 'to be held by him subject to the order of the court.' To the county treasurer the court gave only actual custody, bare possession; . . . [P. 627.] [¶] It is clear that the funds were not in the custody of the county as such, for the sums remain subject to the order of the court, and the county treasurer in handling the funds must look to the court for direction; the county treasurer is in effect the treasurer of the court, an ex-officio officer, and holds the money for the court, not for the county. The court, not the county board of supervisors, has control of the money. [Citation.]" (P. 628.)

Just as the clerk under the circumstances of this case was authorized to deposit the subject funds with the county treasurer (Code Civ. Proc., § 573), so also the treasurer was bound to accept them. Assuming arguendo that he was not, then his misfeasance in accepting the funds, or in not himself depositing them in the state treasury, occurred during the course of his duties as treasurer of the superior court—not of the County of Santa Clara. From either view the county may not be held liable.

■ The City of Santa Clara urges here (although apparently it did not below) that in any event the State of California was liable, since the superior court, a state court, acting through its judge or clerk, or both, committed the act causing the loss of interest. Although the state was not named as a defendant, the city appears to contend that since it could have been brought in as one of the named "Does" it was error to enter judgment in favor of "defendants."

The contention must fall since the record indicates that the County of Santa Clara was the only defendant before the court; all other defendants ("First Doe to Fifth Doe") having previously been "severed" by the pretrial order. The plural term "defendants" used in the judgment was obviously inadvertent; it cannot be deemed a judgment in favor of the State of California, which, for our purposes, was not a party to the action.

In any event it must be apparent that the clerk, a ministerial officer of the superior court, was without power to "*order* the money to be deposited in the State Treasury" as directed by Code of Civil Procedure section 1254, subdivision (h). The error or responsibility, if any, rested with the judge of the court.[1] As to the judge the doctrine of judicial immunity applies.

It is a long-established rule that a judge is not to be held answerable in damages for acts performed in his judicial capacity. (See *Lewis* v. *Linn,* 209 Cal.App.2d 394, 397-398 [26 Cal.Rptr. 6].) Since no liability can attach to the judge the state also is not liable. (Gov. Code, § 815.2, subd. (b).)

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

---

[1]The three orders of this case, omitting directions that the funds be deposited with the state treasury, were prepared for the court's signature by counsel for the appellant City of Santa Clara. In reaching our decision we find it unnecessary to pass upon respondent's argument on the doctrine of invited error.