Rockingham,
No. 6144

HOWARD W. SIBSON & *a*

*v.*

STATE.

October 5, 1971

*Shaines, Madrigan & McEachern ( Mr. Duncan A. McEachern* orally ) for the plaintiffs, Howard W. and Olivia F. Sibson.

*Warren B. Rudman,* Attorney General, and *Donald A. Ingram,* Assistant Attorney General ( *Mr. Ingram* orally ), for the State.

LAMPRON, J. Action by the plaintiffs to recover damages from the State as a result of the refusal of the New Hampshire Port Authority ( RSA ch. 271-A ), under the provisions of RSA ch. 483-A relating to " Tidal Waters ", to allow the plaintiffs to fill portions of their land located in Rye. Details of those proceedings are found in *Sibson* v. *State*, 110 N.H. 8, 259 A. 2d 397 ( 1969 ). It is also to be noted that jurisdiction over these matters was transferred to the Water Resources Board. Laws 1969, ch. 387; Laws 1971, ch. 329.

The State filed a motion to dismiss on the ground that this is

an action in tort subject to the defense of sovereign immunity. Plaintiffs' exception to the dismissal of their action was reserved and transferred by *Grant*, J.

Plaintiffs' declaration alleges that they are the owners of a parcel of land in Rye which on or about January 1, 1968 was zoned by the town for general residential use with a requirement that lots measure 100 x 100 feet. In compliance with this regulation, plaintiffs allege they intended to divide their property into 11 lots which would have a total value of $158,000. To accomplish this purpose, plaintiffs, on January 12, 1968, petitioned the port authority for a permit to fill their property which they allege was of no economic or beneficial value in the absence of fill.

On February 14, 1968, the port authority denied plaintiffs' petition to fill their land. Plaintiffs appealed to this court which in an opinion dated November 28, 1969, held that plaintiffs' property did not fall within the purview of RSA ch. 483-A under which the port authority purported to act and that its orders were null and void for lack of jurisdiction. *Sibson* v. *State*, 110 N.H. 8, 11, 259 A.2d 397, 400 (1969).

Plaintiffs allege further that on March 28, 1968 while they were under the order of the port authority not to fill their land, the zoning ordinance of the town of Rye was amended to require that a residential lot have an area of 150 x 200 feet thus reducing their property to a maximum of 4 lots with a total maximum value of $40,000.

Plaintiffs allege that as a direct and proximate result of the action of the State, through its port authority, they were deprived from about February 28, 1968 to November 16, 1969 of any commercial or economic use of their property which constituted an uncompensated taking in violation of the fifth and fourteenth amendments to the United States Constitution and the Constitution of the State of New Hampshire.

Plaintiffs further allege that as a direct and proximate result of the action of the port authority the full enjoyment and use of their property has been reduced by the intervening amendment to the zoning ordinance of the town of Rye.

"Although the constitution of this State does not contain, in any one clause, an express provision requiring compensation to be made when private property is taken for public uses, yet it has been construed by the courts, in view of the spirit and tenor

of the whole instrument, as prohibiting such taking without com-
pensation; and it is understood to be the settled law of the State,
that the legislature cannot constitutionally authorize such a taking
without compensation." *Eaton* v. *B.C. & M.R.R.,* 51 N.H. 504,
510-11 ( 1872 ); *Piscataqua Bridge* v. *N.H. Bridge,* 7 N.H.
35, 66, 70 ( 1834 ); N.H. CONST., pt. 1, art. 12. Consequently,
if plaintiffs' declaration alleges a cause of action based on a con-
stitutional taking or damaging of their property for public use
under the eminent domain power, sovereign immunity would not
be a ground for dismissal " because the constitutional requirement
of just compensation is self-executing and not dependent upon
waiver of immunity." *N.H. Water Resources Board* v. *Pera,*
108 N.H. 18, 20, 226 A.2d 774, 775 ( 1967 ); see *National
Board of Y.M.C.A.* v. *United States,* 395 U.S. 85, 89, 23 L.
Ed. 2d 117, 122, 89 S. Ct. 1511, 1514 ( 1969 ).

On the other hand, however, if plaintiffs' action is based on a
lessening of the value of their property resulting from a proper
exercise of the police power, such as regulation of land by zoning
or other regulations in the promotion of the general welfare, the
resulting damage would not be compensable. *Dederick* v. *Smith,*
88 N.H. 63, 68, 184 A. 595, 598 ( 1936 ); *Maritime Packers* v.
*Carpenter,* 99 N.H. 73, 77, 105 A.2d 38, 41 ( 1954 ); *Goldblatt*
v. *Town of Hempstead,* 369 U.S. 590, 8 L. Ed. 2d 130, 82 S.
Ct. 987 ( 1962 ); *Candlestick Properties, Inc.* v. *San Francisco
Bay Comm'n.,* 11 Cal. App. 3d 557, 89 Cal. Rptr. 897 ( 1970 );
*Aunt Hack Ridge Estates, Inc.* v. *Planning Comm'n.,* 160 Conn.
109, 273 A.2d 880 ( 1970 ).

The basis of the recovery sought by plaintiffs' declaration is
determined, in large measure, by " [t]he source of origin of the
duty alleged to have been violated; the nature of the grievance;
the character of the remedy such facts indicate; the type of dam-
ages sought." *J. Dunn & Sons, Inc.,* v. *Paragon Homes of New
Eng., Inc.,* 110 N.H. 215, 217, 265 A.2d 5, 7 ( 1970 ). There
is no allegation therein that it was the change in the zoning ordi-
nance of Rye which deprived plaintiffs of the reasonable use of
their property and resulted in a taking of it without compensation
which would be a required allegation if recovery were sought on
that basis. *Sundeen* v. *Rogers,* 83 N.H. 253, 257, 141 A. 142,
144 ( 1928 ); *Lachapelle* v. *Goffstown,* 107 N.H. 485, 489, 225
A.2d 624, 627 ( 1967 ); *MacGibbon* v. *Board of Appeals,* 356
Mass. 635, 255 N.E.2d 347 ( 1970 ); *Spaid* v. *Board of County*

*Comm'rs.,* 259 Md. 369, 269 A.2d 797 ( 1970 ); see *State* v. *Johnson,* 265 A.2d 711 ( Me. 1970 ); *Boggs* v. *Board of Supervisors,* 211 Va. 488, 178 S.E.2d 508 ( 1971 ).

Nor is it alleged that the damages sought resulted from a taking of their property under RSA ch. 483-A. This court decided in *Sibson* v. *State,* 110 N.H. 8, 259 A.2d 397 ( 1969 ), that their property did not come within the terms of that chapter. Applying the above test, it is clear that the gravamen of plaintiffs' declaration is that they were damaged because the State, acting through its agent the port. authority, wrongfully assumed jurisdiction over their land as though it was within the terms of RSA ch. 483-A and denied them the right to fill it, a requirement for an economic use thereof.

The action of the port authority was quasi-judicial in nature as part of the adjudicatory process. *N.H. Milk Dealers' Ass'n.* v. *Milk Control Board,* 107 N.H. 335, 340, 222 A.2d 194, 199 ( 1966 ); *Opinion of the Justices,* 87 N.H. 492, 179 A. 344 ( 1935 ); 1 Am. Jur. 2d Administrative Law *s.* 16 ( 1962 ). The doctrine of judicial immunity, or freedom from civil liability, applies to the members of such boards in respect to their acts of a quasi-judicial nature. *Sweeney* v. *Young,* 82 N.H. 159, 160, 131 A. 155, 156-57 ( 1925 ); *Sargent* v. *Little,* 72 N.H. 555, 58 A. 44 ( 1904 ); 2 Am. Jur. 2d Administrative Law *s.* 799 ( 1962 ). However, there is no immunity if the acts in question constituted an unwarranted assumption of power in an area in which the authority clearly could not have had jurisdiction. *Sweeney* v. *Young supra;* 46 Am. Jur. 2d Judges *s.* 77 ( 1969 ).

The port authority had jurisdiction over the plaintiffs as they voluntarily filed with the authority the petition which gave rise to the action complained of and there is no allegation that anyone else questioned the authority's jurisdiction. *Sargent* v. *Little,* 72 N.H. 555, 557, 58 A. 44, 45 ( 1904 ). RSA ch. 483-A conferred on the authority jurisdiction over the filling of a " marsh . . . in and adjacent to tidal waters. " Plaintiffs' land was " marshland " with " saline water " on it and " circulation takes place in the area. " *Sibson* v. *State,* 110 N.H. 8, 9, 259 A.2d 397, 399 ( 1969 ). This placed plaintiffs' property in the general subject over which the authority had been granted power to act. The fact that on appeal the authority was held not to have had jurisdiction over plaintiffs' land does not establish an unwarranted assumption of power in an area in which the authority had no jurisdiction.

Rather, it shows an erroneous decision by the authority that it had jurisdiction over a matter within the general area in which it had power to act. *Sweeney* v. *Young,* 82 N.H. 159, 163, 131 A. 155, 157-58 ( 1925 ).

Such an action by the authority falls within the immunity privilege which protects its members and the State for whom it acted from legal liability. *Sargent* v. *Little,* 72 N.H. 555, 58 A. 44 ( 1904 ); *Krzysztalowski* v. *Fortin,* 108 N.H. 187, 230 A.2d 750 ( 1967 ); *City of Santa Clara* v. *County of Santa Clara,* 1 Cal. App. 3d 493, 81 Cal. Rptr. 643 ( 1969 ). The authority's action did not constitute a taking. Defendant's motion to dismiss was properly granted.

*Exception overruled.*

GRIMES, J., concurred in the result; the others concurred.