Hillsborough.
No. 6207,
No. 6208.

MANCHESTER HOUSING AUTHORITY

*v.*

MAURICE A. BELCOURT *& a.*

SAME

*v.*

EUGENE F. COTE *& a.*

December 7, 1971.

*Green, Romprey, Sullivan & Beaumont* ( *Mr. Leonard S. Green* orally ) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *T. William Bigelow* ( *Mr. Bigelow* orally ) for defendants Maurice A. and Lorraine D. Belcourt.

*Wyman, Bean & Tefft* ( *Mr. Arthur E. Bean, Jr.* orally ) for defendants Eugene F. and Lillian B. Cote.

LAMPRON, J. The sole issues presented on these consolidated appeals are whether in a proceeding for eminent domain under

RSA 203:12, 12-a a defendant is entitled to recover attorney's fees and an appraisal fee incurred in the course thereof.

The plaintiff authority acquired the properties of the respective defendants by virtue of the powers granted to it by RSA 203:12 and RSA 205:3. The former section provides that if the superior court, upon a petition by the authority and after notice given, finds that the public interest will be prejudiced by delay, it may order that the authority be permitted to enter immediately upon the properties involved, demolish any structure located thereon, and proceed with the construction of its project upon depositing with the court cash or other obligations of the United States of a value not less than the last assessed valuation of the properties. At the time of the entry of such an order, the court shall upon petition of the authority enter an order vesting title to such property in it. RSA 203:12-a.

RSA 203:12 also provides that the aforementioned deposit " or the proceeds thereof shall be applied so far as it may be necessary for that purpose, *to the payment of any award that may be made, with interest thereon, costs and expenses*, and the residue, if any, shall be returned to the authority; in the event of a deficiency in the sum deposited, the authority shall pay the balance to make up the award in accordance with the judgment. " ( Emphasis added ).

The superior court appointed a commission which after a hearing assessed the damages in the Belcourt case at $34,285. An appeal resulted in a verdict of $52,000. In the Cote case the commission assessed the damages at $41,500 and on appeal a verdict of $49,383 was returned. When decrees on the verdicts were entered, the defendants in each case filed a motion for expenses. Included therein were certain disbursements for transcript, mail, travel, telephone and photographs which were allowed by the Court ( *Loughlin*, J. ). Expenses for attorneys' fees in the respective amounts of $11,456 and $7,073.95 were denied by the court and the exceptions of the defendants reserved and transferred. The question of whether an appraisal fee of $1000 claimed in each case by the defendants should be allowed was transferred without ruling.

Attorney's fees, costs, and expenses could not be recovered at common law in a condemnation proceeding. *N.H. Water Resources Board* v. *Pera*, 108 N.H. 18, 226 A.2d 774 ( 1967 ); *Leadville Water Co.* v. *Parkville Water Dist.*, 164 Colo. 362, 436 P.2d 659 ( 1967 ); *City of Buffalo* v. *J. W. Clement Co.*, 28 N.Y.2d 241, 269 N.E.2d 895, 321 N.Y.S.2d 345 ( 1971 ); 27 Am. Jur.

2d Eminent Domain *s.* 473 ( 1966 ); *see Devoid* v. *Anderson,* 108 N.H. 89, 227 A.2d 777 ( 1967 ). They are not part of the "award" required to be made to the property owner by RSA 203:12, nor are they embraced within the "just compensation" provision of the fifth amendment to the Federal Constitution or required to be paid by part I, article 12 of the Constitution of this State. *N.H. Water Resources Board* v. *Pera supra; Dohany* v. *Rogers,* 281 U.S. 362, 367, 74 L. Ed. 904, 911, 50 S. Ct. 299, 302 ( 1930 ); *see City of Muskegon* v. *Slater,* 379 Mich. 466, 152 N.W.2d 652 ( 1967 ); *Lamar* v. *Urban Renewal Agency,* 84 Nev. 580, 445 P.2d 869 ( 1968 ); 9.88 *Acres of Land* v. *State,* 274 A.2d 139 ( Del. 1971 ).

It follows from the above that in order to prevail on either or both of their claims, the defendants must point to some statutory authority which enlarges on the common law. For that purpose they rely principally on the provisions of RSA 203:12 which provide for " costs and expenses " in addition to the " award " and interest thereon which is to be paid to the property owner whose premises are taken by eminent domain.

As to the claims for attorneys' fees, this court has reiterated recently the well-established principle of law in this State that there can be no recovery of counsel fees in the absence of statutory authorization, agreement between the parties, or some established exception. *Merrimack Farmers Exchange, Inc.* v. *Elliott,* 111 N.H. 121, 276 A.2d 258 ( 1971 ). The present cases fall in neither of the last two categories. *See Guay* v. *Association,* 87 N.H. 216, 221-22, 177 A. 409, 413 ( 1935 ). Nor can the provisions of RSA 525:13-14-a( supp. ) regulating costs to be allowed in judicial proceedings serve as a basis for their claim for counsel fees. *Guay* v. *Association supra; Benda* v. *Fana,* 10 Ohio St. 2d 259, 227 N.E.2d 197 ( 1967 ); *In re Kling,* 433 Pa. 118, 249 A.2d 552 ( 1969 ).

Defendants seek support for their position in RSA 556:14 ( supp. ) which provides for the distribution of damages recovered for wrongful death. This section allows the administrator to deduct from the amount "the expenses of recovery" which have been held to include attorneys' fees. *Martineau* v. *Waldman,* 93 N.H. 386, 42 A.2d 735 ( 1945 ). They also look to the provisions of RSA 560:10( supp. )-13 which provide for the devolution of the property of spouses remaining after the payment of debts " and expenses of administration " which have been construed to include counsel fees. *In re Barnhart Estate,* 102 N.H. 519, 523, 162 A.2d

168, 171 ( 1960 ). The purposes and wording of these statutes are sufficiently different to explain the interpretation placed on them and do not provide support for defendants' position. This is especially true when claim is made that a statute enlarges the common law which is essential for defendants to prevail. Such statutes are not to be construed as making any changes in that law unless that intention is clearly indicated by its terms which is not the case with RSA 203:12. *Robert C. Herd & Co.* v. *Krawill Machinery Corp.*, 359 U.S. 297, 304-05, 3 L. Ed. 2d 820, 825, 79 S. Ct. 766, 771 ( 1959 ); *Saunders* v. *First Nat'l Realty Corp.*, 245 A.2d 836 ( D.C. Ct. App. 1968 ); 82 C.J.S. Statutes *s.* 363 ( 1953 ).

Furthermore statutes like RSA 203:12 which provide for " costs and expenses " without specifically mentioning attorneys' fees have been construed in most jurisdictions as not intended to provide for such fees. *Tomten* v. *Thomas*, 125 Mont. 159, 232 P.2d 723 ( 1951 ); 27 Am. Jur. 2d Eminent Domain *s.* 476 ( 1966 ); *see* Annot., 26 A.L.R.2d 1295 ( 1952 ); *New Jersey Turnpike Auth.* v. *Bayonne Barrel & D. Co.*, 110 N.J. Super. 506, 266 A.2d 164 ( 1970 ). We hold that the trial court properly denied that part of defendants' motions for expenses which sought the allowance of counsel fees. *Cf. Hewitt* v. *Lane County*, 253 Ore. 669, 456 P.2d 967 ( 1969 ).

Defendants in their motions also claimed an appraisal fee of $1000 for the services rendered by a qualified appraiser in preparation for their court appearance. This was in addition to the fee for his expert testimony which the trial court allowed as part of the statutory costs. *Hayes* v. *State*, 109 N.H. 353, 356, 252 A.2d 431, 434 ( 1969 ); Laws 1967, 404:3. An appraisal fee is not provided for in RSA 525:14-a( supp. ) and we hold that it cannot be recovered as part of the taxable " costs. " *In re Kling*, 433 Pa. 118, 249 A.2d 552 ( 1969 ).

Defendants turn next to the word " expenses " in RSA 203:12 and argue that it is meaningless if it does not include a necessary expense to the presentation of their case such as an appraisal fee. It must be pointed out that under " expenses " defendants were allowed to recover for " telephone calls " " Xerox " and " photographs of property " which are not usually permitted as costs. Courts in other jurisdictions are more divided on the allowance of an appraisal fee than they are in disallowing attorneys' fees under similar " costs and expenses statutes. " 27 Am. Jur. 2d Eminent Domain *s.* 477 ( 1966 ); *see* Annot., 18 A.L.R.2d 1225,

1227 ( 1951 ). However, here again the common law did not allow such an expense and in the absence of a specific legislative provision granting such fees we hold that they were not intended to be included in the provision of RSA 203:12 providing for "costs and expenses." *Saunders* v. *First Nat'l Realty Corp.*, 245 A.2d 836 ( D.C. Ct. App. 1968 ).

We have considered the argument made in the supplemental brief filed by defendants in the Belcourt case. They argue that RSA 498-A( supp. ) entitled "Eminent Domain Procedure Act" enacted by the 1971 legislature supports their claims ( Laws 1971, ch. 526 ) because of the procedures it establishes and the use therein of the words "costs and expenses" in some instances and not in others. We fail to see how the use of the same words "costs and expenses" without elaboration on their meaning can be helpful in clarifying their previous use in RSA 203:12. *See Detroit Edison Company* v. *Janosz*, 350 Mich. 606, 613, 87 N.W.2d 126, 130 ( 1957 ).

*Remanded.*

All concurred.