Commonwealth of Pennsylvania, Department of Transportation, Appellant, v. Harry M. Gehris and Anne E. Gehris, his wife, Appellees.

288

Argued February 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, MENCER, ROGERS and BLATT. Judge WILKINSON, JR., did not participate.

*Lawrence R. Wieder*, Assistant Attorney General, with him *Robert W. Cunliffe*, Deputy Attorney General, and *Israel Packel*, Attorney General, for appellant.

*Charles H. Weidner,* with him *Calvin E. Smith* and *Stevens & Lee,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., May 22, 1975:

In *Patterson v. County of Allegheny,* 15 Pa. Commonwealth Ct. 228, 325 A. 2d 484 (1974), this Court, sitting as a panel of three judges, held that Section 610 of the Eminent Domain Code[1] (the Code), which provides a limited reimbursement of appraisal, attorney and engineering fees, was to be applied prospectively to condemnations effected on or after December 29, 1971, the effective date of that section. This appeal involves the same question.

On September 21, 1970, the Pennsylvania Department of Highways (now the Department of Transportation and hereinafter referred to as the Commonwealth) condemned .436 acres of property owned by Harry M. and Anna E. Gehris (Appellees) in Muhlenberg Township, Berks County, for highway improvement purposes, and tendered estimated just compensation of $7,900 on December 1, 1970. The board of viewers appointed on Appellees' petition subsequently awarded Appellees $27,-500.00 plus detention damages, and the Commonwealth appealed this award to the Court of Common Pleas of Berks County. Following a jury trial, a verdict was returned in favor of Appellees in the sum of $26,000.00, and the trial judge thereafter molded the verdict to allow the maximum reimbursement for Appellees' appraisal fees under Section 610 of the Code. The parties stipulated in the court below that these appraisal expenses exceeded the $500.00 allowed by Section 610 and were incurred *subsequent* to the effective date of that section. The Commonwealth's motion to strike that portion of the verdict which was molded to include appraisal fees was denied by the lower court en banc without the benefit of our de-

---

1. Act of June 22, 1964, Special Session, P.L. 84, *as added* by the Act of December 29, 1971, P.L. 635, 26 P.S. §1-610.

cision in *Patterson v. County of Allegheny, supra,* and this appeal followed.[2] Appellees ask that we either distinguish or reconsider our decision in *Patterson.* We have reviewed the bases of our decision there and find it to be firmly supported and controlling of the instant appeal.

Section 610 provides:

"The owner of any right, title or interest in real property acquired or injured by an acquiring agency, who is not eligible for reimbursement of such fees under section 406 (e), 408 or 609 of this act, shall be reimbursed in an amount not to exceed five hundred dollars ($500) as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees."

This provision, together with the other amendments to the Code in 1971, was given immediate effect on the date of their approval, December 29, 1971. Act of December 29, 1971, P.L. 635, §11. The contrast between the language of §11 and that of §3 of the amendatory Act of December 5, 1969, P.L. 316, providing "[t]his act shall take effect immediately and shall apply to all condemnation proceedings effected thereafter, . . ." has created some uncertainty of whether the Legislature intended to give the 1971 amendments retroactive effect to condemnations occurring before its effective date. *See* Snitzer, *Pennsylvania Eminent Domain,* §302 (1973 Cum. Supp.). This uncertainty was to some extent clarified by the Note of the Joint State Commission to Section 302 of the Code, 26 P.S. §1-302, declaring that "[t]he amendatory Act of 1971, December 29, P.L. 635, Act No. 169, took effect immediately and is thus applicable to all condemnations on or after that date." This Court gives considerable weight to the comments of the Commission

---

2. The verdict in all other respects has been satisfied by the Commonwealth.

which drafted the Code, especially where legislative intent is not otherwise clearly expressed. *Apple Storage Co. v. School District of Philadelphia,* 4 Pa. Commonwealth Ct. 55, 284 A. 2d 812 (1971). We are further persuaded by the continuing language of Section 302 which distinguishes between the procedural provisions of the Code in Articles V and VII which "apply to all steps taken subsequent to the effective date of this act" though arising from condemnations effected prior to the Act, and the remaining substantive provisions of the Code which merely apply to condemnations effected after its effective date. *See Pane v. Department of Highways,* 422 Pa. 489, 222 A. 2d 913 (1966). Section 302 was unaltered by the 1971 amendments, and thus the amendments must be interpreted in conjunction with Section 302. Statutory Construction Act of 1972, 1 Pa. C.S. §1953. It is our view that had the Legislature intended Section 610 to be applied to litigation in progress at the time of its enactment, Section 610 would either have been included in Articles V or VII of the Code, rather than Article VI as an additional element of damages, or its retrospective application would have been specifically stated in Section 610. The draftsmen of the 1972 amendments were certainly capable of giving retroactive effect to provisions other than those contained in Articles V and VII, as evidenced Section 606-A, 26 P.S. §1-606A, relating to special displacement damages.

Given the carefully structured provisions of Section 302 relating to the prospective or retrospective application to be given the respective Articles of the Code and the Note of the Joint Statement Commission thereto, the lower court's reliance upon *Creighan v. Pittsburgh,* 389 Pa. 569, 132 A. 2d 867 (1957) and *Pope v. Pennsylvania Thresherman & Farmers' Mutual Casualty Insurance Co.,* 176 Pa. Superior Ct. 276, 107 A. 2d 191 (1954), construing statutes less specific as to their intended application, was misplaced. Nor can we agree that Section 610 must be read in *pari materia* to Section 519, 26 P.S. §1-519,

dealing with taxable costs of litigation, as this provision is contained within Article V, and thus under Section 302 would apply to all steps taken subsequent to its effective date.

Finally, we find Appellees' contention that the prospective application of Section 610 adopted in *Patterson v. County of Allegheny, supra,* would deprive them of the full "just compensation" guaranteed by the Fifth Amendment of the United States Constitution and Article V, Section 10 of the Pennsylvania Constitution to be without merit. Except as authorized by statute, expert witness fees are not taxable as costs in eminent domain proceedings. *Kling Appeal,* 433 Pa. 118, 249 A. 2d 552 (1969). Nor are attorneys' fees and other expenses incidental to an eminent domain proceeding embraced within the constitutional concept of "just compensation for land taken by eminent domain." *Dohany v. Rogers,* 281 U.S. 362 (1930) ; *United States v. 15.3 Acres of Land,* 158 F. Supp. 122 (M.D. Pa. 1957) ; *see also* 4A Nichols on Eminent Domain. §14.249[3] (3rd ed. 1971) (1974 Cum. Supp.).

ORDER

AND NOW, this 22nd day of May, 1975, the order of the Court of Common Pleas of Berks County granting to Harry M. and Anna E. Gehris appraisal fees in the amount of $500.00 is hereby reversed.