## Chernoff v. Chester Redevelopment Authority

*Murray S. Eckel,* for condemnees.
*Samuel M. Tollen,* for condemnor.

LABRUM, *J.,* May 18, 1977 — This matter comes before the court by the condemnees seeking an order against condemnor for reimbursement of payment of two bills. One bill is for engineering services in the amount of $25, the other for notes of testimony before the jury of view in the amount of $281.25. The condemnor denies responsibility for payment of the bills.

Condemnees' property, a rooming house in the City of Chester, was condemned by a declaration of taking filed June 27, 1975. Viewers were appointed and a view and hearing were held on November 21 and November 26, 1975. At the hearing, the condemnor did not request or make

any arrangements for a court reporter. The condemnees requested a court stenographer and accordingly made arrangements for one to be present at the hearing and to record the proceeding.

At the hearing, the condemnees requested plans of the subject property. The only plan submitted by the condemnor was a rough drawing. No formal plan was ever submitted.

The Jury of View entered an award of $92,000, the award being appealed and eventually coming before a judge and jury. The final jury award, displacement damages and attorneys' fees totaled $103,500.

Subsequent to the appeals, in preparation for the jury trial, the condemnees requested the engineer who presided on the board of view to prepare a formal plan in accordance with the Act of Assembly. The plan was prepared and condemnees' counsel was billed for the same.

The furnishing of plans to viewers is controlled by the Eminent Domain Code of June 22, 1964, P.L. (Spec. Sess.), 84, 26 P.S. §1-509. This section provides as follows:

"The condemnor shall furnish the viewers at or before the view with a plan showing the entire property involved, the improvements thereon, the extent and nature of the condemnation and such other physical data, including grades, as may be necessary for the proper determination of just compensation. . . . Copies of the plans shall be furnished at the same time, without cost, to the condemnee upon written request therefor. If the condemnor does not furnish a plan or the condemnor's plans are insufficient, the court, on application of the condemnee, may tax to the condemnor as costs reasonable expenses for plans furnished by the condemnee."

Counsel for the condemnees in this case, and in at least one other case, petitioned this court for the allowance of costs in advance of obtaining them. Condemnor's counsel objected to the petition for costs at the hearing on the petition and stated that it would be properly disposed of at the conclusion of the case as an issue of "taxable costs." This court agreed with the condemnor at the time and advised presentation of the petition at the conclusion of the case.

Section 1-509 of the Eminent Domain Code clearly requires the condemnor to furnish the viewers with a plan. The rough-drawn plan submitted by the condemnor in this case does not fulfill the requirements of the code. Consequently, the condemning body is responsible for the costs of the condemnees' acquisition of a plan, provided the condemnees follow the proper procedure as set out by the statute in applying to the court for approval of the costs of engineering plans. The condemnees are obligated to petition the court for approval before having their own plans drafted if they intend to charge the condemnor for them. Where the condemnees make no prior application to the court for approval of their engineering plans, they cannot seek to tax this expense to the condemnor as part of the costs: Kling Appeal, 433 Pa. 118, 249 A.2d 552 (1969). In the present case, the condemnees did make an application to the court prior to incurring the expenses of engineering plans, and, therefore, the costs, as determined by this court, are costs reasonably expended for plans furnished by the condemnees. These costs will be taxed to the condemnor.

The condemnees argue that the notes of testimony taken before the board of view are properly

taxed as costs to the condemnor. As provided in 26 P.S. §1-519:

"All taxable costs, including filing fees, jury fees, statutory witness fees and mileage, expense of preparing plans under section 509, the expense of transporting the judge and jury to view the condemned property, transcripts of the stenographic notes of the trial in court on appeal, and such other costs as the court in the interests of justice may allow, shall be paid by the condemnor unless the court in a proper case shall otherwise direct."

The transcribing of the notes of testimony before the board of view was not an essential cost of the proceeding, but rather was a cost incurred by the condemnees for their own benefit, at the advice of their counsel. Such an expense may most properly be termed "incidental." Incidental expenses to a condemnation proceeding are not included within the concept of just compensation required to be paid a condemnee, and the payment of such expenses by a condemnor depends purely upon the terms of the applicable statute: Commonwealth of Pa., Dept. of Trans. v. Gehris et al., 19 Pa. Commonwealth Ct. 287, 339 A.2d 639 (1975). Section 1-519 of the Eminent Domain Code specifically includes "transcripts of the stenographic notes of the trial in court on appeal" as taxable costs. Had the legislature intended to include any other transcripts in taxable costs, we feel they would have specifically included the same in the section. Therefore, we do not feel that transcripts of notes of testimony taken before a board of view are taxable costs, and we will not impose the same on the condemnor.

In light of the above, we enter the following

## ORDER

And now, May 18, 1977, upon consideration of the arguments and briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed:

1. The condemnees' petition to tax to the condemnor the expenses for plans incurred by the condemnees be and the same is hereby granted.

2. The condemnees' petition to tax to the condemnor costs incurred for transcript of notes of testimony taken before the jury of view be and the same is hereby denied.