Cheshire County Probate Court
No. 7687

*In re* THEODORE H. BERGERON ESTATE

December 2, 1977

*Olson, McMahon & Rogers* of Keene (*Mr. Arthur Olson, Jr.,* orally), for the estate of Theodore H. Bergeron.

*Faulkner, Plaut, Hanna, Zimmerman & Freund,* of Keene (*Mr. N. Michael Plaut* orally), for Alice Sturtevant, residuary legatee.

PER CURIAM. Theodore H. Bergeron died on June 5, 1974. One of his sons, Edward J. Bergeron, Sr., was named and appointed executor of Theodore H. Bergeron's estate. This case arises out of the objections of Alice Sturtevant, daughter and one of the residuary legatees under her father's will, to the allowance of the first account made by Edward J. Bergeron, Sr. After a hearing in the probate court, a decree was issued by *Lichman,* J. Both the executor and Alice Sturtevant appeal therefrom. All questions of law raised by the exceptions of the parties to the decree, as well as exceptions taken in the course of the hearing, were reserved and transferred by *Lichman,* J.

The issue before us is whether the court erred in disallowing a contingent fee of $10,321, paid to the executor's attorney, and in allowing instead a fee of $6,192.60. We hold that the rulings and decree of the probate court were proper.

In the first account filed by the executor, an amount of $9,202.05 was listed as a "loss on sale of personal estate" with respect to a note from one of decedent's sons, Theodore R. Bergeron, and the son's wife, Beverly Bergeron. Alice Sturtevant contested this item,

due to the fact that the note was collected in the full amount of $30,963, plus accrued interest in the amount of $1,076.26. She also claimed that the schedule for expenses of administration should have included a figure of $10,723.32, representing the amount of a contingent fee plus expenses paid to Arthur Olson, Jr., attorney for the executor, as recompense for his efforts in collecting on the note from Theodore R. and Beverly Bergeron. She argued that such a fee to the executor's attorney could not properly be allowed as it had never been approved by the probate court, and that inclusion of the fee on the schedule of expenses of administration was necessary for the probate court to be able to review it. She further argued that the amount of the fee, which was a contingent fee of one-third of the sum recovered on the note, was excessive and unreasonable and should not be allowed by the probate court. This fee was also over fifty percent of the net balance of the estate in the hands of the executor, which was stated in the account at $21,104.21. She argued that the attorney was entitled to a fee only for the reasonable value of his services.

In his will, Theodore H. Bergeron forgave any indebtedness of his son, Theodore R. Bergeron, with the exception of one note. Some time after the execution of his father's will, Theodore R. Bergeron and his wife, Beverly Bergeron, purchased some real estate from the decedent as joint tenants with rights of survivorship. To purchase the property they executed the note which was involved in this case, and on which they were jointly and severally liable. The note was secured by a mortgage on the property, executed by both Theodore R. and Beverly Bergeron as joint tenants.

After the death of the testator, the executor of his estate sought to collect the balance due on the note from Theodore R. and Beverly Bergeron. It was their position, however, that the clause in Theodore H. Bergeron's will forgiving the debts of his son Theodore excused the latter from making payment on the note. In August of 1974, Theodore R. and Beverly Bergeron wanted to sell the property which they had purchased with the note. They agreed to deposit $30,960 from the sale in an escrow account, pending a determination by the superior court of whether or not they were required to make payment to the estate of the balance due on the note. The escrow account was established on August 8, 1974. By letter dated August 15, 1974, Attorney Olson wrote to the executor concerning the suit to be brought against Theodore R. and Beverly Bergeron. He expressed his position that the will did not forgive

the debt on the note, and further pointed out that even if Theodore R. Bergeron's obligation were forgiven, the estate could still recover from Beverly Bergeron, as she was jointly and severally liable on the note, and as there was no provision in the will forgiving any of her indebtedness. The letter further stated that Olson would be handling the suit on a contingent basis whereby his legal fees would be one-third of any amount recovered. The proceedings in the superior court resulted in a judgment in favor of the executor.

■■ The probate court properly ruled that this contingent fee arrangement was not binding on the estate because the executor had not obtained the approval of the probate court. *Estate of De-Barry,* 43 Cal. App. 2d 715, 729, 111 P.2d 728, 734 (1941); *In re Feehely's Estate,* 182 Ore. 246, 262, 187 P.2d 156, 162 (1947); *see* RSA 547:3; *Martineau v. Waldman,* 93 N.H. 386, 42 A.2d 735 (1945). Although the proceedings with respect to the note took place in the superior court, the question of what attorney's fees could properly be paid by the executor was within the jurisdiction of the probate court as a matter relating to the settlement and final distribution of Theodore H. Bergeron's estate. RSA 547:3.

The parties agree that the executor had the duty to collect the amount due on the note, and that he acted properly in employing Attorney Olson for this purpose. RSA 554:11; *Mathews v. Pratt,* 367 S.W.2d 632 (Mo. 1963); *Isbell v. Flippen,* 185 Va. 977, 41 S.E.2d 31 (1947); *see Griswold v. Chandler,* 5 N.H. 492, 494 (1831). This leaves the question of whether the fee of $6,192.60 allowed by the court was reasonable for the services rendered by Attorney Olson.

■ The probate court found the one-third contingent fee to be excessive and unreasonable. To arrive at the $6,192.60 which it considered a reasonable fee, the court still employed a contingent fee calculation, but reduced it to twenty percent of the amount recovered. After the court deducted additional costs amounting to $362.50, this left the estate with a balance of $24,870.11. Alice Sturtevant argues that because the executor was assured of success in his action on the note, there was no contingency and any contingent fee was improper. She argues that a proper fee should be computed on the basis of the amount of time spent, at Attorney Olson's usual hourly rate of $40 to $45 for probate matters. At the hearing before the probate court, Attorney Olson testified that he

had not kept records of the time spent on the case, and he was unable to recall the number of hours he had worked on it. There was, however, evidence as to the nature of the work he had performed in trying to collect on the note, preparing for trial, and conducting the trial, including conferences with the attorney for Theodore R. and Beverly Bergeron, and the research and writing of a memorandum of law for the trial court. While it is true that the contingency factor should not be weighed heavily in determining the reasonableness of counsel fees when success in the action is fairly certain, *In re Merlino's Estate,* 48 Wash. 2d 494, 498, 294 P.2d 941, 944 (1956), it is clear from the court's decree that it took this into account in determining what fee was reasonable. The determination of reasonable compensation for the attorney was a matter resting within the sound discretion of the probate court. *McInnes v. Goldthwaite,* 94 N.H. 331, 337, 52 A.2d 795, 800 (1947). Among the factors to be considered are the amount involved, the nature, novelty, and difficulty of the litigation, the attorney's standing and the skill employed, the time devoted, the customary fees in the area, the extent to which the attorney prevailed, and the benefit thereby bestowed on his client. *Couture v. Mammoth Groceries, Inc.,* 117 N.H. 294, 371 A.2d 1184 (1977). Although the risk involved in the case may not have been great, it was nevertheless necessary that Attorney Olson devote his time and skills in order to recover for the estate the balance due on the note. The responsibility on the attorney in undertaking the action should also be viewed in light of the fact that the balance due on the note was by far the most substantial asset of the estate. After reviewing the record as well as the probate court's lengthy and thoughtful decision, we are of the opinion that the probate court did not abuse its discretion in ruling that Attorney Olson was entitled to a fee of twenty percent of the amount recovered on the note and we affirm the court's decision.

*Exceptions of both parties overruled.*