Board of Tax and Land Appeals
No. 85-199

## APPEAL OF THE RIBBLESDALE, INC.
### (New Hampshire Board of Tax and Land Appeals)

July 29, 1986

*Shaines & McEachern Professional Association*, of Portsmouth (*R. Timothy Phoenix* on the brief, and *Paul McEachern* orally), for The Ribblesdale, Inc.

*Stephen E. Merrill*, attorney general (*Nicholas Cort*, attorney, on the brief and orally), for the State.

KING, C.J. The sole issue presented by this appeal is whether the prevailing party in an eminent domain proceeding may receive reimbursement for an appraisal fee as part of an award of "costs," RSA 498-A:26-a. We hold that the prevailing party is not entitled to recover all appraisal costs and therefore uphold the decision of the New Hampshire Board of Tax and Land Appeals (the board) awarding only the fee charged by the appraiser for travel and appearance at the hearing on damages.

The State instituted condemnation proceedings against The Ribblesdale, Inc. (Ribblesdale) to acquire 4.63 acres of land for a highway. Pursuant to RSA chapter 498-A, the board held a hearing on

the issue of compensation for the taking. The State alleged damages of approximately $210,700, and Ribblesdale alleged damages of $300,000. The board awarded Ribblesdale the sum of $276,400 for the property taken and for severance damage to the remainder. Neither party appealed this decision.

In its motion for costs, *see* RSA 498-A:26-a, Ribblesdale requested $5,614, the sum charged by Thompson Appraisal Company, Inc. of Concord for "[i]nspections, conferences, appraisal, and court testimony." After a hearing, the board refused to award the full appraisal fee. It ruled that neither the Federal nor the State Constitution required an award of any incidental costs to a landowner in order to provide just compensation. Further, the board concluded that the word "costs," as used in RSA 498-A:26-a, permitted recovery of the appraiser's cost of travel and appearing before the board, but not other appraisal fees. Ribblesdale filed a request for rehearing, which was denied. This appeal followed.

According to Ribblesdale, the board's decision violates the guarantee of the fifth amendment to the United States Constitution that "private property [not] be taken for public use, without just compensation." Because costs incurred during eminent domain proceedings necessarily offset the compensation award, Ribblesdale argues, the landowner cannot be "in as good a position pecuniarily as if his property had not been taken," *Olson v. United States*, 292 U.S. 246, 255 (1934), and therefore is not justly compensated if reasonable costs are not awarded.

 Whatever equitable appeal this argument carries, it has been rejected by the United States Supreme Court. In *United States v. Bodcaw Co.*, 440 U.S. 202 (1979), the condemnee sought compensation for property appraisals and expert witness fees. Reasoning that the landowner would not be "made whole" if not reimbursed for appraisals undertaken to demonstrate the unfairness of the price offered by the sovereign, the lower court authorized compensation. *United States v. 1,380.09 Acres of Land*, 574 F.2d 238, 241 (5th Cir. 1978). The Supreme Court reversed:

> "One principle from which [we have] not deviated is that just compensation 'is for the property, and not to the owner.' As a result, indirect costs to the property owner caused by the taking of his land are generally not part of the just compensation to which he is constitutionally entitled."

*Bodcaw*, 440 U.S. at 203 (citation omitted).

There is an exception to the general rule of *Bodcaw*, based on *United States v. Lee*, 360 F.2d 449 (5th Cir. 1966). In *Lee*, the

government failed to survey the condemned property and misrepresented the amount of land to be taken, necessitating a survey by the owner. *Id.* at 452; *see Bodcaw,* 440 U.S. at 203 n.2. *Bodcaw* noted that where misrepresentation is involved, compensation for incidental costs such as appraisals may be appropriate. 440 U.S. at 203. By analogy from *Lee,* Ribblesdale argues that whenever the landowner must prove the inadequacy of the government's offer, compensation for the costs of such proof should be awarded. The Supreme Court precluded this argument, however, when it stated that "'the rather typical, oft-recurring situation where the landowner is dissatisfied with the Government's valuation'" does not qualify as such an exception. *Id.* (quoting *United States v. 1,380.09 Acres of Land,* 574 F.2d at 242).

■ Ribblesdale advances another argument to prevent the application of the general rule of *Bodcaw. Bodcaw* indicated that appraisal expenses could not be taxed to the United States because there was no statutory authorization to do so. *Id.* at 203–04 n.3. Ribblesdale points to RSA 498-A:26-a as the requisite statutory authorization that will permit compensation for the full appraisal fee in this case. The existence of RSA 498-A:26-a does not, however, aid Ribblesdale's fifth amendment claim. As *Bodcaw* makes clear, the compensation for incidental costs allowed by "legislative grace" is over and above the compensation required by "constitutional command." 440 U.S. at 204. Moreover, the petitioner's argument begs the essential question; *i.e.,* whether the State legislature intended to compensate the condemnee for that particular item of expense. Accordingly, we hold that Ribblesdale need not be reimbursed for the appraisal fee in order to receive just compensation under the fifth amendment to the United States Constitution. *See Manchester Housing Auth. v. Belcourt,* 111 N.H. 367, 368–69, 285 A.2d 364, 365 (1971).

■ Part I, article 12 of the New Hampshire Constitution does not expressly prohibit the taking of private property for public use without compensation, but has been so interpreted. *See Sibson v. State,* 111 N.H. 305, 306–07, 282 A.2d 664, 665 (1971). To the extent Ribblesdale argues that a State constitutional violation occurs when a landowner is not compensated for incidental costs as well as for the property taken, we reaffirm our conclusion in *Belcourt* that just compensation under the State Constitution does not require an award of attorney's fees, costs, or expenses. *Belcourt supra.*

We turn to Ribblesdale's statutory claim. RSA 498-A:26-a provides that "the board shall award costs to the prevailing party." The State stipulated that Ribblesdale was the prevailing party and does

not challenge the reasonableness of the appraisal fee. Accordingly, the sole determinant of Ribblesdale's right to payment for the appraisal fee is the meaning assigned to the term "costs."

In *Hayes v. State*, 109 N.H. 353, 252 A.2d 431 (1969), the plaintiff requested expert witness fees under RSA chapter 233, the predecessor statute to RSA chapter 498-A, the Eminent Domain Procedure Act. RSA 233:17 (1964) provided that following an appeal of a property assessment, "the court shall assess damages . . . and award costs to the prevailing party." Because costs were not defined in RSA chapter 233, we looked to the definition of allowable costs in RSA chapter 525, the general statutory provisions for costs in civil actions, and concluded that "[t]he costs allowable under RSA 233:17 are defined by RSA ch. 525." *Hayes, supra* at 356, 252 A.2d at 434. At the time, costs for expert witness fees were allowed "on motion and order of the court," RSA 525:14-a (Supp. 1969), and the plaintiff's exception to the lower court's denial of the motion for costs was sustained. *Id.*

*Manchester Housing Authority v. Belcourt*, 111 N.H. 367, 285 A.2d 364, is the second case relevant to our interpretation of the term "costs." In *Belcourt*, the defendants claimed an appraisal fee for services rendered by an appraiser in preparation for his court appearance. That fee was in addition to the fee for the appraiser's testimony, which the court allowed as part of the statutory costs. *Id.* at 370, 285 A.2d at 366. We applied RSA 525:14-a (Supp. 1971), which provided, as it does now, for an allowance of "actual costs" for expert witness fees. We held that the defendant could not recover expenses related to the appraisal because RSA 525:14-a did not provide for that type of fee. *Belcourt*, 111 N.H. at 370, 285 A.2d at 366. In addition, we construed RSA 203:12 (1964), which provided for application of the condemnor's deposit to the payment of the damages award, with interest thereon, as well as to payment of "costs and expenses." We concluded that the legislature did not intend to include reimbursement for an appraisal fee. *Belcourt*, 111 N.H. at 370–71, 285 A.2d at 366.

Finally, in *State v. Wilson*, 115 N.H. 99, 333 A.2d 459 (1975), we again relied on RSA 525:14-a (1974) in applying the provision for "costs" in an eminent domain proceeding. RSA 498-A:27 (Supp. 1973). The defendant sought to recover charges for updating an initial appraisal report and pretrial conference work by the appraiser who later testified before the eminent domain commission. Citing "the conservative history of compensating witnesses in this State," we held that "costs" are limited to reasonable charges incidental to an expert's appearing and testifying before judicial or administrative bodies. *Wilson*, 115 N.H. at 102, 333 A.2d at 462.

Expenses for preparing that testimony were deemed to be subsumed into the relatively high remuneration for the witness's appearance. *Id.* at 103, 333 A.2d at 462.

*Hayes, Belcourt,* and *Wilson* are controlling authority in the present case. The only argument raised by Ribblesdale against adhering to this authority is that interpretation of the word "costs" to exclude an appraiser's fee will result in less than adequate compensation for the property taken. This argument has no bearing on the issue of statutory interpretation because, as we have already explained, the legislature is not constitutionally required to permit recovery of any incidental costs. In the interest of equity and fairness to property owners, the legislature is, of course, free to authorize reimbursement of reasonable appraisers' fees and expenses. The present statute cannot be so broadly interpreted. We therefore hold that the board properly denied Ribblesdale's motion for appraisal costs other than expenses for travel and appearance before the board.

*Affirmed.*

All concurred.