565 A.2d 844

**In re ESTATE OF Margaret Andrew HANSELL, Deceased, Roland J. Christy, Executor.**

**Appeal of Roland J. CHRISTY, Executor of the Estate of Margaret Andrew Hansell, Deceased.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Nov. 1, 1989.

Reargument Denied Jan. 10, 1990.

Roland J. Christy, appellant, pro se.

Robin A. Gower, Deputy Atty. Gen., with counsel, Ernest D. Preate, Jr., Atty. Gen., for appellee.

Before COLINS and SMITH, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Appellant, the Estate of Margaret Andrew Hansell, acting through its executor, Roland J. Christy, appeals the January 10, 1989 final decree of the Montgomery County Court of Common Pleas, Orphans' Court Division (Orphans' Court), which sustained the Pennsylvania Department of Revenue's (Department) levy of a 15% inheritance tax on the remainder interest in the principal of a testamentary trust created by Hansell. The primary issue presented for review is whether, pursuant to Sections 1701–1796 of the Inheritance and Estate Tax Act (Act), 72 Pa.C.S. §§ 1701–1796, a remainder interest in the principal of a testamentary trust is subject to a 15% state inheritance tax where a testatrix leaves a portion of her residuary estate in a spendthrift trust and provides her son, the life tenant thereof, with a testamentary power of appointment over the remainder interest which he exercises by will and supplemental agreement in favor of a tax-exempt charity more than three years after the testatrix's death. The final decree of the Orphans' Court is affirmed.

Hansell died on March 13, 1985 and her will was duly probated. Therein, she left one-half of her residuary estate to her son, LeRoy Kingsland Jones (Jones), with the remaining one-half placed in a spendthrift trust, the income distributions from which were also to go to Jones until his death and, if such distributions proved insufficient to meet his needs, the trustees named in Hansell's will, Christy and The Bryn Mawr Trust Company, were authorized to invade trust principal to the extent they deemed necessary. Hansell's will further provided Jones with a power to appoint by will the remainder interest to his estate or others; and directed that none of the benefits thereunder shall be subject to voluntary or involuntary alienation or attachment.

On February 2, 1988, Appellant filed a "future interest compromise" as to the amount of state inheritance tax due on the remainder interest [1]. Therein, Appellant proposed to pay inheritance tax at a rate of 15% on one-third of the remainder interest and 6% on the other two-thirds, explaining that Jones had a power of appointment which *could* be exercised in favor of a tax-exempt charity and that the trustees were empowered to invade trust principal for the health, maintenance and support of Jones, but had not yet done so.

In response, the Department filed an assessment and appraisement on April 13, 1988, valuing the remainder interest at $149,791.68 and imposing state inheritance tax on the entire remainder interest at the rate of 15% [2] for

1. Section 1716(e) of the Act, 72 Pa.C.S. § 1716(e), provides for:
   (e) Compromise as to rate of future interests.—*If the rate of tax which will be applicable* when a future interest vests in possession and enjoyment *cannot be established with certainty,* the department, after consideration of relevant actuarial factors, valuations and other pertinent circumstances, *may* enter into an agreement with the person responsible for payment to establish a specified amount of tax which, when paid within 60 days after the agreement, shall constitute full payment of all tax otherwise due upon such transfer. (Emphasis added.)
   We interpret this section as clearly providing the Department with discretion in deciding whether or not to accept a taxpayer's compromise proposal.

2. Section 1716(a) of the Act, 72 Pa.C.S. § 1716(a), describes rates of inheritance tax applicable to property transfers and directs, *inter alia,* that:
   (a) *Rate of tax.*—
   (1) Inheritance tax upon the transfer of property passing to or for the use of any of the following shall be at the rate of 6%:
   (i) Grandfather, grandmother, father, mother, husband, wife and *lineal descendants.*
   (ii) Wife or widow and husband or widower of a child.
   (2) Inheritance tax upon the transfer of property passing to or for the use of all persons other than those designated in paragraph (1) shall be at the rate of 15%. ... (Emphasis added.)
   Presumably, the Department assessed the 15% rate of inheritance tax described in Section 1716(a)(2), despite the fact that Jones was Hansell's lineal descendant as that term is defined in Section 1702 of the Act, 72 Pa.C.S. § 1702, because Jones was given a testamentary power of appointment which could be exercised in favor of a person(s) falling within Section 1716(a)(2).

failure to provide sufficient evidence that Jones' power of appointment *would* be exercised in favor of a tax-exempt charity and that trust principal was not likely to be invaded.

On May 13, 1988, Jones executed a will wherein he appointed the remainder interest to the Sierra Club Foundation (Sierra), a tax-exempt charity[3], and, on May 16, 1988, executed an agreement with Sierra, purporting to make this appointment irrevocable.

Also, on May 16, 1988, Hansell's Estate appealed the Department's 15% inheritance tax levy on the remainder interest. After hearing, the Orphans' Court sustained the Department's decision on the ground that, even if irrevocable, Jones' exercise of his power of appointment more than nine months after Hansell's death could not operate to change the rate of inheritance tax due on the remainder interest since the Act's general statutory scheme makes date-of-death considerations controlling.

On appeal to this Court[4], Appellant claims that once Jones irrevocably exercised his power of appointment over the remainder interest in favor of a tax-exempt charity, it became certain that the remainder interest would vest in the charity and, accordingly, should not be subject to inheritance tax under Section 1716(e) of the Act, 72 Pa.C.S. § 1716(e). Appellant also seems to claim that as long as a timely appeal is filed, as here, the Orphans' Court is obligated to consider facts as they presently exist on appeal, regardless of whether or not they existed when the Depart-

3. We note that Sierra's status as a tax-exempt charity is not disputed and that effective transfers of property to or for the use of charitable organizations are not subject to tax pursuant to Section 1711(c) of the Act, 72 Pa.C.S. § 1711(c).

4. An Orphans' Court decision will be upheld on appeal if it is supported by competent evidence and no abuse of discretion or error of law was committed. *See Estate of Matson,* 374 Pa. Superior Ct. 61, 542 A.2d 147 (1988). Moreover, Appellant, as taxpayer, shoulders the burden of establishing that the Commonwealth is not entitled to the inheritance tax at issue. *Estate of Neiss,* 126 Pa. Commonwealth Ct. 572, 560 A.2d 842 (1989).

ment levied inheritance tax pursuant to Section 1716(e).[5]

Inheritance tax is levied on the transfer of property from a decedent to a beneficiary at the rates specified in Section 1716 of the Act, 72 Pa.C.S. § 1716, and is due at the decedent's date of death, becoming delinquent at the expiration of nine months thereafter.[6] Sections 1706, 1707 and 1742 of the Act, 72 Pa.C.S. §§ 1706, 1707 and 1742. Additionally, property subject to a power of appointment, whether or not the power is exercised, is taxed only as part of the donor's estate. Sections 1711(k) and 1716(f) of the Act, 72 Pa.C.S. §§ 1711(k) and 1716(f). As previously noted, where this property is a future interest and the testatrix has not limited the class in which appointment can be made, thus fixing the rate of tax under Section 1716(a) of the Act, as here, Section 1716(e) of the Act, 72 Pa.C.S. § 1716(e), provides for possible compromise of the rate of inheritance tax to be levied if the applicable rate of tax when the future interest vests in possession and enjoyment cannot be established with certainty. Likewise, Section 1786(b) of the Act,

---

**5.** This claim is presumably premised upon Section 1786(b) of the Act, 72 Pa.C.S. § 1786(b), which provides in pertinent part that:

   (b) Future Interests.—If a notification or appeal has been filed from an assessment of tax where it is contended that *the rate of tax which will be applicable* when a future interest vests in possession and enjoyment *cannot presently be established with certainty,* and no compromise has been entered into pursuant to section 1716(e) (relating to inheritance tax), the court, after consideration of relevant actuarial factors, valuations and other pertinent circumstances, shall determine what portion of the transfer is to become taxed at each of the rates which might be applicable. (Emphasis added.)

**6.** In a March 1981 report entitled "Probate, Estates and Fiduciaries Code, Proposed Amendments and Comments 1981 and Proposed Revision of Inheritance Tax Laws and Codification of Chapter 17, Title 72 of Pennsylvania Consolidated Statutes" (Report), the Joint State Government Commission, which assists the General Assembly, commented that among the proposed substantive changes in Pennsylvania's inheritance tax law was one specifying *a method of determining taxes on future interests as of the time of death* and another designating as delinquent *all inheritance taxes at the end of nine months from the decedent's death, including tax on future interests.* Report, pp. 18, 24. Comments of the Commission are given considerable weight by this Court. *See Department of Transportation v. Gehris,* 19 Pa. Commonwealth Ct. 287, 339 A.2d 639 (1975), *rev'd on other grounds,* 471 Pa. 210, 369 A.2d 1271 (1977).

72 Pa.C.S. § 1786(b), provides for judicial review of a departmental assessment of tax where a compromise agreement as to the rate of inheritance tax has not been struck and the applicable rate of tax when the future interest vests in possession and enjoyment cannot *presently* be established with certainty.

Essentially, Appellant is attempting to circumvent these provisions through post-mortem actions instituted by Jones more than three years after Hansell's death. Jones initially executed a will wherein he gave, bequeathed and devised to Sierra all property subject to the power of appointment given to him under Hansell's will; and subsequently, entered into an agreement with Sierra not to revoke, amend or change this exercise of his power of appointment in favor of Sierra.

Although Jones can make a contract to carry out his will [7], he cannot change Hansell's will in the process [8] so as to alter the rate of inheritance tax imposed upon her testamentary transfer of property. Hansell clearly intended that Jones dispose of the remainder interest in a testamentary fashion only; that none of the benefits under her will, presumably including the trust principal and the invasion thereof as well as the remainder interest, be subject to voluntary alienation or attachment; that income from the trust principal be paid to Jones during his lifetime; and that her designated trustees be vested with discretion to invade trust principal in the event trust income became insufficient to meet Jones' needs.

In his agreement with Sierra, however, Jones proposes to make an inter vivos disposition of the remainder interest in that he is purporting to irrevocably exercise the power of appointment now rather than at his death. A power of appointment must be exercised in the manner prescribed by

7. *See* e.g., *Vajentic Estate*, 453 Pa. 1, 306 A.2d 300 (1973); *Fahringer v. Strine Estate*, 420 Pa. 48, 216 A.2d 82 (1966).

8. Valid testamentary directions pursuant to a testamentary trust are required to be fulfilled and beneficiaries under a will cannot skirt such testamentary limitations via an agreement. *See Martin Estate*, 349 Pa. 255, 36 A.2d 786 (1944).

the creating instrument; and therefore, a power of appointment by will, as here, cannot be irrevocably exercised by a different instrument. *See Estate of duPont,* 475 Pa. 49, 379 A.2d 570 (1977); *Hacker's Appeal,* 121 Pa. 192, 15 A. 500 (1888). As Jones was given only a testamentary power of appointment, it is not presently exercisable through inter vivos disposition. *Estate of Stewart,* 325 Pa. Superior Ct. 545, 473 A.2d 572, *aff'd,* 506 Pa. 336, 485 A.2d 391 (1984). Likewise, Jones' agreement with Sierra constitutes an effort at voluntary alienation of the remainder interest during his lifetime. Jones' alleged irrevocable exercise of his power of appointment by agreement is therefore ineffective to alter the inheritance tax imposed upon the transfer of property under Hansell's will since it is contrary to her testamentary directions. This holds true regardless of whether or not he has irrevocably bound himself and his estate as of the date of his death by entering into the agreement with Sierra. In short, only Hansell could fix the rate of taxation, very simply, as noted, by limiting the class from which Jones could appoint. Her failure to do so left the area open to appointment so broad that the taxing authority had no basis on which it could reduce the inheritance tax to a class below the 15% category.

Moreover, whether or not Jones has irrevocably bound himself and his estate by his appointment of any remaining trust assets as of the date of his death is irrelevant to our inquiry here since the taxable event is the transfer to the residuary estate under Hansell's will as of the date of her death. Jones' exercise of his power of appointment would be effective under his will, but only as of his date of death and only as to the remaining trust assets inasmuch as Hansell vested the trustees with discretion to invade trust principal.[9] Jones, of course, neither did, nor could, contract

9. We note in passing that Jones' efforts by will and agreement to avoid inheritance tax may well be an exercise in futility since, as donee of the power, the appointable property is exempt from inheritance tax in his estate. Section 1711(k) of the Act, 72 Pa.C.S. § 1711(k).

away the trustees' discretion.[10]   As a result, the entire trust principal could be consumed before Jones' death, leaving nothing for Sierra.   Consequently, if we were to adopt Appellant's rationale, the trust assets, none of which Sierra may ultimately receive, would be improvidently afforded tax-exempt status since the applicable rate of inheritance tax cannot now be established with certainty.   We therefore find that the Department and Orphans' Court properly applied the Act, including Sections 1716(e) and 1786(b), 72 Pa.C.S. §§ 1716(e) and 1786(b), to support the imposition of inheritance tax on the remainder interest.[11]

Having found that Appellant failed to sustain its burden of proof, the Department's assessment of inheritance tax at a rate of 15% will be upheld.[12]   Accordingly, the final decree of the Orphans' Court is affirmed, albeit upon different grounds.[13]

10.   Even if Jones could have renounced his right to receive trust principal despite Hansell's testamentary direction that none of the benefits conferred under her will be voluntarily alienated, he failed to do so within nine months after Hansell's death as required by Section 1716(c) of the Act, 72 Pa.C.S. § 1716(c).

11.   Appellant's assertion that the Department's procedure for inheritance tax compromise on future interests fails to afford procedural due process is likewise without merit.   The Department's procedure requires the estate to propose a compromise tax rate to which the Department responds by means of a Notice of Compromise Offer and an appealable appraisement.   Such procedure cannot be described as constitutionally defective.

12.   Appellant did not raise the issue of whether a 6% inheritance tax rate should govern.   Our disposition herein is thus limited to Appellant's failure to demonstrate that no inheritance tax is due on the remainder interest and that the Department erroneously imposed the 15% rate of inheritance tax.   Although Appellant may be entitled to a refund of a portion of the inheritance tax pursuant to Section 1781 of the Act, 72 Pa.C.S. § 1781, we do not reach this issue.

13.   Orphans' Court action may be affirmed by this Court for any valid reason appearing of record although such reason was not relied upon by the Orphans' Court as a basis for its decision.   See Bell v. Yellow Cab Co., 399 Pa. 332, 160 A.2d 437 (1960); Rhoads v. Lancaster Parking Authority, 103 Pa. Commonwealth Ct. 303, 520 A.2d 122, petition for allowance of appeal denied, 515 Pa. 611, 529 A.2d 1084 (1987).

## ORDER

AND NOW, this 1st day of November, 1989, the final decree of the Court of Common Pleas of Montgomery County, Orphans' Court Division, is affirmed.