**In re ESTATE OF George GOLDMAN, Deceased.**

**Appeal of Commonwealth of Pennsylvania, Department of Revenue.**

Commonwealth Court of Pennsylvania.

Argued June 4, 2001.

Decided July 23, 2001.

Arthur L. Piccone, Wilkes–Barre, for appellant.

Douglas P. Thomas, Scranton, for appellee.

Before COLINS and McGINLEY, Judges, and FLAHERTY, Senior Judge.

McGINLEY, Judge.

The Department of Revenue (Department) appeals from the order of the Court of Common Pleas of Lackawanna County, Orphans' Court Division (Orphans' Court) that reversed the decision of the Board of Appeals and determined that no inheritance tax was due on the Goldman Trust (Trust).

On November 17, 1997, George Goldman (Decedent) died and was survived by his wife, Dorothy B. Goldman (Mrs. Goldman). Decedent's will was admitted to probate, and the Register of Wills of Lackawanna County granted letters testamentary to PNC Bank, N.A. (Executor).

On or about February 11, 1999, the Executor filed an inheritance tax return for the Estate of George Goldman (Estate). Schedule G was attached to report inter-vivos transfers and non-probate property:

> On December 19, 1996 the Decedent revocably transferred cash and securities to PNC Bank, N.A. as trustee. He retained his right to income and principal for life and upon his death the assets are to remain in trust for the benefit of Dorothy B. Goldman, the decedent's spouse. He also gave his spouse a general power of appointment.

Inheritance Tax Return, February 11, 1999, Schedule G; Reproduced Record (R.R.) at 7a. The Trust assets totaling $900,429.78 were also listed on Schedule G. *See* Inheritance Tax Return, Schedule G, at 1–7; R.R. at 7a–13a.

On August 30, 1999, the Department issued a Notice of Inheritance Tax Appraisement for Decedent's Estate assessing tax at $131,221.73 plus interest.[1] The Executor objected, requesting consideration of a future interest compromise.

By decision and order dated April 19, 2000, the Board of Appeals denied the protest and upheld the Department's appraisement. The Board of Appeals concluded: "In this estate, decedent's Family Trust does not restrict to whom or for what reason the surviving spouse may exercise the power of appointment. Given such uncertainties, there is no basis for a compromise." Board of Appeals Decision, April 19, 2000, at 2.

The Orphans' Court sustained the Executor's appeal and determined:

> There shall be no Inheritance Tax due on the Goldman Trust because the in-

---

[1]. The tax examiner explained:

The family trust created by the decedent does not qualify as a sole use trust under Section 9113(a) of the Inheritance & Estate Tax Act. Under Article IV(3) of the family trust, the surviving spouse has an unlimited lifetime power of appointment. Therefore, the trust has been taxed at fifteen percent.

Inheritance Tax Explanation of Changes, August 19, 1999, at 1; R.R. at 19a.

come beneficiary would be taxed at the spousal rate of zero percent, and there would be no tax due on the remainder interest, as all remaindermen are charities whose gifts are received free from Inheritance Tax.

Memorandum and Order of Orphans' Court, December 1, 2000, at 4.

■ On appeal to this Court,[2] the Department contends: 1) that the Orphans' Court erred when it determined that no inheritance tax was due as Mrs. Goldman retained an unlimited lifetime power of appointment, and therefore the Trust does not meet the statutory qualification of a "sole use trust," and 2) that the Trust assets are taxable at fifteen percent because Mrs. Goldman failed to exercise her right of withdrawal within nine months of Decedent's death. We disagree.[3]

Section 19 of Act No. 21 of 1995[4] (Act) amended the Inheritance and Estate Tax Act to provide in pertinent part:

(a) In the case of a transfer of property for the sole use of the transferor's surviving spouse during the surviving spouse's entire lifetime, all succeeding interests which follow the interest of the surviving spouse shall not be subject to tax as transfers by the transferor if the transfer was made by a decedent dying on or after January 1, 1995. . . .

(b) Succeeding interests not subject to tax as transfers by the transferor by reason of subsection (a) shall be deemed to be transfers subject to tax by the surviving spouse of the property held in the trust or similar arrangement at the death of the surviving spouse.

72 P.S. § 9113(a) & (b).

■ Initially, the Department asserts that the Trust does not qualify as a "sole use trust" under Section 19 of the Act because the chain of distribution is uncertain. The Department focuses upon Mrs. Goldman's unlimited lifetime power of appointment over Trust assets,[5] which gives rise to the possibility that she will not use the Trust assets solely for her benefit but may appoint to others in her sole discretion. With respect to the provision that Trust assets remaining after Mrs. Goldman's death be distributed to certain char-

2. Our review of an orphans' court decree is limited to a determination of whether the record was free from legal error and whether the court's factual findings were supported by evidence. *Estate of Kinert v. Department of Revenue*, 693 A.2d 643 (Pa.Cmwlth.1997).

3. By order of February 26, 2001, this Court denied Executor's motion to quash the appeal.

4. Act of June 30, 1995, P.L. 139, 72 P.S. § 9113(a) & (b).

5. Decedent's trust reads:

ARTICLE IV
DISTRIBUTION OF TRUST UPON DEATH OF SETTLOR
    Upon the death of Settlor, the trustee shall distribute the sum of $2,000.00 to the Jewish Home of Pennsylvania and $500.00 to the Dunmore Temple Israel. The residue shall be shall be [sic] held by my trustee in further trust, and administered . . . as follows:
        (1) The trustee shall pay the entire net income to or for the benefit of Settlor's spouse annually in quarterly or more frequent installments during her lifetime.
        (2) In addition, the trustee shall pay to or for the Settlor's spouse's benefit sums from the principal as in the sole discretion of the trustee as shall be necessary . . . from time to time for her maintenance and support. . . .
        *(3) During Settlor's spouse's lifetime, the Settlor's spouse shall have the right at any time, and from time to time, to withdraw or appoint to herself or others, such amounts from the principal of the Trust (even to the point of completely exhausting the same) as she in her sole discretion may determine.*
Family Trust, December 19, 1996, at 10–11; R.R. at 48a–49a (emphasis added).

ities,[6] the Department points out there is no guarantee that any Trust assets will then be available.

Nevertheless, we reject the Department's argument because it ignores both the letter and the spirit of the law, as set forth in Section 19 of the Act, 72 P.S. 72 P.S. § 9113(a) & (b). In addition, Section 16 of Act No. 23 of 2000, 72 P.S. § 9116(1.1)(ii)[7] indicates:

(1.1) Inheritance tax upon the transfer of property passing to or for the use of a husband or wife shall be:

. . . .

(ii) At a rate of zero per cent for estates of decedents dying on or after January 1, 1995.

Had Decedent left his estate to Mrs. Goldman outright, unquestionably there would have been no inheritance tax due upon his death in 1997.

The Department's acknowledgment that the outright transfer to a surviving spouse is not taxable is internally inconsistent with the argument for the assessment of tax when the surviving spouse, during her lifetime, directs the trustee to make a principal distribution to another person. Like the surviving spouse who exercises the lifetime power of appointment, a surviving spouse who receives an outright transfer can also direct assets to unspecified, undetermined and unknown recipients. There-

fore, the possibility of unknown beneficiaries is immaterial.

Despite the lifetime power of appointment found within the Trust, Mrs. Goldman is the named beneficiary after distributions to the Jewish Home of Pennsylvania and the Dunmore Temple Israel. *See* Family Trust, article IV, sections (1) & (2) at 10; R.R. at 48a. If Mrs. Goldman exercises her power of appointment, there will be a gift, and the recipient will not qualify as a beneficiary of the Trust designed for the sole use of Mrs. Goldman. This Court concludes that the utilization of the power of appointment as an estate planning device does not prevent this Trust from being classified as a "sole use trust" under Section 19 of the Act, 72 P.S. § 9113(a).[8] In sum, the Orphans' Court properly overruled the inheritance tax assessment.

■ Next, the Department maintains that because Mrs. Goldman did not exercise her right of withdrawal within nine months of Decedent's death, the Department correctly assessed inheritance tax in keeping with Section 16 of Act No. 23 of 2000, 72 P.S. § 9116(e). As stated, this Court is convinced that the 1995 amendments control that the Trust is a "sole use trust" under Section 19 of the Act, 72 P.S. § 9113(a).

---

6. Pursuant to article IV, section (4) of Decedent's trust:

   Upon the death of Settlor's spouse, . . . the Trustee shall distribute the then remaining principal, in equal shares, to The American Cancer Society, The American Heart Association, the Salvation Army, Temple University and American Red Cross.

   Family Trust at 11; R.R. at 49a.

7. Act of May 24, 2000, P.L. 106. We also note that the identical provision is found in Section 19 of Act No. 21 of 1995, 72 P.S. § 9116(1.1)(ii).

8. The Department relied upon this Court's decision that a holder of a testamentary pow-

er of appointment may not affect the tax rate by making an irrevocable inter vivos commitment to appoint a charity as beneficiary of the trust. *Estate of Hansell*, 129 Pa.Cmwlth. 345, 565 A.2d 844 (1989). However, the present controversy is distinguishable from *Estate of Hansell*, which was decided before the enactment of the 1995 amendments. Margaret Andrew Hansell, the testatrix, created a spendthrift trust for her son who enjoyed a testamentary power of appointment. Here, Decedent designated his surviving spouse as beneficiary of the Family Trust and provided her with a lifetime power of appointment.

However, assuming arguendo that the Trust should not be classified as a "sole use trust," the Department's interpretation is a misapplication of the statutory guideline that controls when the tax rate is uncertain.[9]

Based upon Section 16 of Act No. 23 of 2000:

> If the rate of tax which will be applicable when an interest vests in possession and enjoyment cannot be established with certainty, the department, after consideration of relevant actuarial factors, valuations and *other pertinent circumstances*, may enter into an agreement with the person responsible for payment to establish a specified amount of tax which, when paid within sixty days after the agreement, shall constitute full payment of all tax otherwise due upon such transfer. Rights of withdrawal of a surviving spouse not exercised within nine months of the transferor's death shall be ignored in making such calculations.

72 P.S. § 9116(e) (emphasis added).[10]

The Department has become so preoccupied with the nine-month withdrawal period, that it has not considered "other pertinent circumstances." It cannot be overemphasized that if Decedent left his estate to Mrs. Goldman by will, there would be no inheritance tax due. Additionally, the charities named as remainder beneficiaries are not subject to tax. By overlooking these pertinent circumstances, the Department incorrectly rejected the statutory directive in Section 16 of Act No. 23 of 2000, 72 P.S. § 9116(e).[11]

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of July, 2001, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.

---

9. The Department also submits that Mrs. Goldman has not disclaimed her power of appointment, thereby introducing the possibility that Trust assets will not pass to the designated charities.

10. An identical provision is found in Section 19 of Act No. 21 of 1995, 72 P.S. § 9116(e).

11. We note that the Department erroneously relied upon *Pemberton Estate*, 6 Fiduc.Rep.2d 219 (O.C.Div.Phila.1986). There, Robert Pemberton, the testator, had died on September 15, 1983, and before the July 1, 1994, effective date of 72 P.S. § 9116(e), as amended. *See* Historical and Statutory Notes to Section 19 of the Act, 72 P.S. § 9116. During the last several years, our legislature made significant changes to the Inheritance and Estate Tax Act.

With regard to the Department's final contention that Mrs. Goldman has not disclaimed her power of appointment, it is noted that the power of appointment is discretionary, and the interests of the charities may never vest depending upon Mrs. Goldman's financial needs.