# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Estate of Edward J. Potocar, | : | |
| Deceased, Potocar Family Trust | : | |
| | : | No. 662 C.D. 2020 |
| | : | Argued: February 9, 2022 |
| Appeal of: Department of Revenue, | : | |
| Inheritance Tax Division | : | |

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
                    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE ELLEN CEISLER, Judge
                    HONORABLE LORI A. DUMAS, Judge
                    HONORABLE STACY WALLACE, Judge

**OPINION**
**BY JUDGE WALLACE**                                 **FILED: September 30, 2022**

The Department of Revenue, Inheritance Tax Division (Department) appeals the order of the Allegheny County Court of Common Pleas (orphans' court), dated December 16, 2019, which reversed an order of the Department's Board of Appeals (Board). The Board's order denied a written protest Anita N. Potocar (Wife) filed, appealing the Department's assessment of inheritance tax following the death of her husband, Edward J. Potocar (Husband) (collectively, the Potocars). The Department argues the orphans' court incorrectly determined the Potocar Family Trust (Trust) was a "sole use trust" and subject to deferred inheritance tax treatment under Section

2113 of the Inheritance and Estate Tax Act (Act).[1]  The Department further argues that, because the Trust was not a "sole use trust," immediate inheritance tax was due under Section 2107(c)(7) of the Act.[2]  After careful review, we affirm, albeit on different grounds.

## I. Background and Procedural History

The Potocars created the grantor Trust on September 27, 1999.[3]  The Trust provided that the Potocars would be the sole trustors and trustees of the Trust, and that any property transferred to the Trust "shall be held by the [t]rustee[s] for the benefit of the [t]rustors as joint tenants with right of survivorship . . . ."  R.R. at 17-19.[4]  The Trust also granted the Potocars power to revoke or amend the Trust, invade the Trust principal, and transfer portions of the trust estate to other persons or organizations during their joint lifetimes.  If the Potocars were to revoke all or part of the trust estate, the property subject to revocation would "revert to both [t]rustors as joint tenants with right of survivorship."  *Id.* at 18.

The Potocars executed the First Amendment to the Trust on May 9, 2013 (2013 amendment).  In relevant part, the 2013 amendment deleted a provision in the Trust directing the creation of a separate trust "[u]pon the death of the first [t]rustor

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, added by Section 35 of the Act of June 16, 1994, P.L. 279, 72 P.S. § 9113.

[2] Added by Section 36 of the Act of August 4, 1991, P.L. 97 (Act 22), 72 P.S. § 9107(c)(7).

[3] The Potocars expressly created the Trust to qualify as a "grantor trust," under Section 676 of the Internal Revenue Code, 26 U.S.C. § 676.  Reproduced Record (R.R.) at 17.  Section 676 provides, in relevant part: "The grantor shall be treated as the owner of any portion of a trust . . . where at any time the power to revest in the grantor title to such portion is exercisable by the grantor or a non-adverse party, or both."  26 U.S.C. § 676(a).

[4] The Department did not include a lowercase "a" following the page numbers in its reproduced record, as required by our Rules of Appellate Procedure.  *See* Pa.R.A.P. 2173.

to die . . . ." *Id.* at 20. The 2013 amendment made creation of a separate trust discretionary, providing the surviving spouse with the ability to create a separate trust if he or she "disclaims all of his or her interest or interests in all or any specific portion of the [t]rust [e]state comprising the [d]eceased [s]pouse's interest . . . ."[5] *Id.* at 42. Absent a disclaimer, the 2013 amendment directed the Trust would "continue as a revocable trust for the benefit of the" surviving spouse, consisting of both the surviving spouse's one-half interest and the deceased spouse's one-half interest in the trust estate. *Id.*

Husband died on October 17, 2016.[6] The record does not indicate, nor do the parties allege, Wife disclaimed any of Husband's interest in the Trust or created a separate trust. On January 4, 2017, Wife filed a Pennsylvania inheritance tax return, which disclosed property totaling $3,526,210, nearly all of which was held in the Trust. The return indicated the property was subject to a spousal tax rate of 0% and, therefore, no tax was due. The Department responded on June 12, 2017, by issuing a notice of inheritance tax appraisement, allowance or disallowance of deductions, and assessment of tax. The notice divided the property disclosed on the return,

---

[5] The original Trust also employed a disclaimer but presumed the surviving spouse would use the disclaimer and instructed: "Upon the death of the [d]eceased spouse, the [t]rustee shall divide the [t]rust [e]state . . . into two trusts called Trust A and Trust B, which shall constitute separate trusts, and shall be held and administered as such." R.R. at 17, 20. According to a later explanation by Wife's counsel, the purpose of providing for a separate trust in the original trust agreement was to "protect the first spouse to die's federal estate tax exemption . . . ." *Id.* at 74-75. Wife's counsel explained the 2013 amendment occurred due to a change in the law, which increased the federal estate tax exemption from $625,000 in 1999 to $5,250,000 in 2013. *Id.* at 75. Nonetheless, the 2013 amendment gave the option of creating a separate trust, "just in case the federal estate tax exemption changed in the future to the detriment of the Potocars . . . ." *Id.* The text of the original Trust supports this explanation. *See id.* at 17, 20 (providing: "Upon the death of the first [t]rustor to die, this [t]rust [e]state may be divided into two subtrusts . . . for the purpose of . . . deferring any federal estate taxes by way of the unlimited marital deduction.").

[6] Husband died testate, but his will was never probated. R.R. at 6, 49, 65.

3

indicating $564,722 was subject to the spousal tax rate of 0%, but $2,961,488 was subject to the 4.5% rate applicable to certain other relatives specified in the Act. This resulted in a tax due of $133,266.96, plus interest and penalties of $8,433.93, for a total of $141,700.89.

The Department's notice included only a brief explanation for this assessment. Quoting from the 2013 amendment, the notice explained a surviving spouse may distribute Trust principal "for the benefit of the surviving spouse primarily and the trustors['] children and/or grandchildren secondarily" during the surviving spouse's lifetime. *Id.* at 73. The notice continued: "In the absence of a request for a future interest compromise, the Department has the right to assess tax at the highest rate in the chain of potential distributions. Therefore, the tax has been assesse[d] at 4.5% on the value of the residuary trust[.]" *Id.*

Wife filed a written protest with the Board. She argued the Department mistakenly believed she had created a separate trust. Tellingly, the notice from the Department relied on language in the 2013 amendment that applied only if a separate trust existed.[7] Wife explained she did not use a disclaimer to create a separate trust.

---

[7] In context, the Department's notice quoted from the following language of the 2013 amendment:

> 5. <u>POTOCAR FAMILY TRUST (By-Pass, Credit Shelter Trust)</u>. [The separate trust] shall consist of that portion of the [t]rust [e]state disclaimed by the [s]urviving [s]pouse. Upon the death of the [d]eceased [s]pouse, the [t]rustee shall hold, administer and distribute the [separate] [t]rust [e]state as follows.

> a. <u>Principal and Income</u>. During the lifetime of the [s]urviving [s]pouse, the [t]rustee shall pay to or apply for the benefit of the [s]urviving [s]pouse the entire net income of [the separate trust] quarter-annually or more frequently[.] In addition, the [t]rustee shall pay to or apply for the benefit of the [s]urviving [s]pouse primarily and the [t]rustors' children and/or grandchildren secondarily from time to time as much of the principal of [the separate trust] as the [t]rustee deems

**(Footnote continued on next page…)**

4

Further, she asserted the Trust was solely for her benefit, and she could amend or revoke the Trust at will, such that the property it held was "her sole and separate property." *Id.* at 75. Because Pennsylvania does not assess inheritance tax against transfers of property between spouses, Wife argued, no tax was due.

On July 29, 2019, the Board issued a decision and order, which denied Wife's protest. The Board interpreted Wife's argument as a claim that the Potocars created a "sole use trust" under Section 2113, which would result in deferred inheritance tax treatment. The Board concluded that the Trust was not a "sole use trust," and that it was subject to immediate inheritance tax, because Wife had an *inter vivos* power of appointment over the trust estate.

Wife appealed the Board's decision to the orphans' court. Wife argued she had not claimed the Trust was a "sole use trust" under Section 2113. She argued the language of Section 2113 indicated a trust was a "sole use trust" if property in the trust does not belong to a surviving spouse, but the surviving spouse can use that property for his or her lifetime. Wife maintained she was the owner of the Trust's property, as the remaining trustee and beneficiary. Despite this, she argued in the alternative that the Trust met the requirements to be a "sole use trust."

Following argument and the submission of briefs, the orphans' court entered an order dated December 16, 2019, reversing the Board.[8] The Department then filed

necessary or advisable for the health, maintenance, support and education of the [s]urviving [s]pouse and the [t]rustors' children and/or grandchildren.

R.R. at 43.

[8] The order also denied Wife's request for an award of counsel fees. Wife did not appeal the denial of counsel fees to this Court.

5

this appeal.[9]  The orphans' court ordered the Department to file a concise statement of errors complained of on appeal, and the Department complied.  The orphans' court issued a brief opinion, in which it accepted Wife's argument and found she could not only use the property held in the Trust but was its owner.  *See id.* at 137-38.

The Department now raises essentially two issues on appeal: (1) whether the Trust was entitled to deferred inheritance tax treatment as a "sole use trust" under Section 2113, and (2) if not, whether the Trust was subject to immediate inheritance tax under Section 2107(c)(7).[10]

## II. Applicable Law

Generally, this Court reviews orphans' court decisions to determine whether the court committed legal error and whether the evidence supports the court's factual findings.  *In re Est. of Berry*, 921 A.2d 1261, 1263 n.1 (Pa. Cmwlth. 2007) (citing *In re Est. of Kinert v. Dep't of Revenue*, 693 A.2d 643, 645 (Pa. Cmwlth. 1997)).  Our focus here is on whether the orphans' court correctly interpreted the Act.  This presents a question of law for which our standard of review is *de novo* and our scope of review is plenary.  *Meyer v. Cmty. Coll. of Beaver Cnty.*, 93 A.3d 806, 813 (Pa. 2014) (citing *Dechert LLP v. Commonwealth*, 998 A.2d 575, 579 (Pa. 2010)).  In other words, we do not defer to the orphans' court when reaching our decision, and we may review the entire record on appeal.  *Mercury Trucking, Inc. v. Pa. Pub. Util.*

---

[9] The Department initially filed this appeal in the Pennsylvania Superior Court.  On May 27, 2020, the Superior Court transferred the appeal to this Court.  *See* 42 Pa.C.S. § 762(3) (providing that the Commonwealth Court has exclusive jurisdiction over "[a]ll appeals from Commonwealth agencies which may be taken initially to the courts of common pleas under section 933. . . ."); 42 Pa.C.S. § 933(a)(1)(vi) (providing courts of common pleas with jurisdiction over appeals from Department determinations reviewable under the Act, in connection with the administration of the estate of a decedent).

[10] The Potocars held a bank account outside of the Trust jointly and with right of survivorship for which the Department does not dispute Wife's ownership.

6

*Comm'n*, 55 A.3d 1056, 1082 (Pa. 2012) (citing *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 n.2 (Pa. 2004)).

Our Supreme Court has characterized inheritance tax as "a tax on the right of succession in the estate of the decedent." *In re Est. of Remmel*, 228 A.2d 889, 891 (Pa. 1967) (citations omitted). The Act imposes an inheritance tax on a select list of "transfers," with the tax rate applied based on the relationship of the transferor to the transferee, and the value subject to tax generally based on the date of the transferor's death.[11] Section 2102 of the Act[12] includes a list of definitions, including a definition of the term "transfer." A transfer "[i]ncludes the passage of ownership of property, or interest in property or income from property, in possession or enjoyment, present or future, in trust or otherwise." 72 P.S. § 9102. In interpreting the Act's provisions, this Court's goal is to ascertain and effectuate the General Assembly's intent. *Mercury Trucking*, 55 A.3d at 1067. We must also remain mindful that tax laws are subject to "[s]pecific interpretive rules," which direct us to strictly construe provisions imposing taxes in favor of the taxpayer, while strictly construing provisions creating "exemptions" from taxes in favor of the taxing authority. *Greenwood Gaming & Ent., Inc. v. Dep't of Revenue*, 90 A.3d 699, 710-11 (Pa. 2014) (citing 1 Pa.C.S. § 1928).

### III. The Trust is Not a "Sole Use Trust"

Initially, the parties agree the Trust is not a "sole use trust" under Section 2113, which is entitled, "**Trusts and similar arrangements for spouses**."[13]

---

[11] *See* Sections 2106, 2116, and 2121 of the Act, added by Act 22, 72 P.S. §§ 9106, 9116, 9121.

[12] Added by Act 22, 72 P.S. § 9102.

[13] It is worth noting this section governing "sole use trusts" immediately follows Section 2111 of the Act, added by Act 22, 72 P.S. § 9111, which provides a list of transfers not subject to tax. The **(Footnote continued on next page…)**

7

Department's Br. at 11-27; Wife's Br. at 4-10, 14-20. Our review supports the parties' assessment. Section 2113 provides as follows:

(a) In the case of a transfer of property for the sole use of the transferor's surviving spouse during the surviving spouse's entire lifetime, all succeeding interests which follow the interest of the surviving spouse shall not be subject to tax as transfers by the transferor if the transfer was made by a decedent dying on or after January 1, 1995, provided that the transferor's personal representative may elect, on a timely filed inheritance tax return, to have this section not apply to a trust or similar arrangement or portion of a trust or similar arrangement.

(b) Succeeding interests not subject to tax as transfers by the transferor by reason of subsection (a) shall be deemed to be transfers subject to tax by the surviving spouse of the property held in the trust or similar arrangement at the death of the surviving spouse. The tax on that property shall be based upon its value at the death of the surviving spouse, the tax rates applicable to dispositions by the surviving spouse or by the transferor, whichever are lower, and any exemptions relating to the kind or location of property held in the trust or similar arrangement at the surviving spouse's death.

(c) Subsection (b) shall apply even if the succeeding interests not subject to tax as transfers by the transferor by reason of subsection (a) were also not subject to tax by reason of an exemption based upon the kind or location of property at the transferor's death.

(d) This section shall not apply to inter vivos transfers otherwise exempt from inheritance tax.

72 P.S. § 9113.

_____

intervening section was repealed. *See* Section 2112 of the Act, added by Act 22, *formerly* 72 P.S. § 9112, repealed by Section 35 of the Act of July 9, 2013, P.L. 270. As explained below, Section 2111(m) exempts "[p]roperty owned by husband and wife with right of survivorship . . . from inheritance tax." 72 P.S. § 9111(m). When we read Section 2111 in conjunction with Section 2113, it becomes apparent Section 2113 is not dealing with a spouse who is a co-owner. The General Assembly recognized some surviving spouses may be similarly situated to surviving co-owner spouses and sought to provide those surviving spouses with similar treatment by deferring inheritance tax during their lifetimes, so long as the transfer is for the sole use of the surviving spouse.

This Court previously discussed Section 2113 in *In re Estate of Goldman*, 781 A.2d 259 (Pa. Cmwlth. 2001). In that matter, George Goldman (George) created a revocable trust with PNC Bank as trustee and himself as the beneficiary. *Id.* at 260. Upon George's death, the trust remained in place for the benefit of his wife, Dorothy, with Dorothy having the *inter vivos* power to withdraw and appoint trust principal to herself or others. *Id.* at 261 n.5. The Lackawanna County Court of Common Pleas concluded no inheritance tax was due, and this Court agreed. *Id.* at 260-61. Pertinently, we rejected the Department's contention that Dorothy's power of appointment prevented the trust from being a "sole use trust." *Id.* at 262. We noted that, had George left his estate to Dorothy outright, the transfer would have been taxable at a rate of 0%, even though Dorothy would then be able to direct the estate property to other people. *Id.* As a result, we explained, "the possibility of unknown beneficiaries is immaterial." *Id.*

About a year after the *Goldman* decision, however, our General Assembly amended Section 2102 to include a definition for the term "[t]ransfer of property for the sole use."[14] Section 2102 now defines "[t]ransfer of property for the sole use" as "[a] transfer to or for the use of a transferee if, during the transferee's lifetime, the transferee is entitled to all income and principal distributions from the property and no person, including the transferee, possesses an inter vivos power of appointment over the property." 72 P.S. § 9102.

When read together, the plain language of Sections 2102 and 2113 makes clear that a trust is a "sole use trust" only when no person possesses an *inter vivos* power of appointment over the property in the trust. It is undisputed here that Wife retained an *inter vivos* power of appointment. The 2013 amendment provided that

---

[14] The amendment was effective July 1, 2002. *See* Section 28 of the Act of June 29, 2002, P.L. 559, 72 P.S. § 9102.

9

"[u]pon the death of the first [t]rustor to die," the Trust would continue as a revocable trust for the benefit of the surviving spouse, with the surviving spouse having the power to invade the Trust principal and transfer portions of the trust estate to other persons or organizations. R.R. at 41-42. Indeed, a revocable trust would include a power of appointment by definition. *See* 20 Pa.C.S. § 7703; Restatement (Third) of Prop.: Wills & Other Donative Transfers § 17.1 cmt. e, illus. 4-5 (Am. L. Inst. 2011) ("In modern law . . . a power to revoke or amend a trust or a power to withdraw principal from a trust is recognized as a power of appointment over the principal of the trust, whether the power is reserved by the transferor or conferred on another.") (citation omitted). We hold, therefore, that a revocable trust cannot be a "sole use trust," and that Section 2113 does not apply to the Trust in this matter or defer inheritance tax liability.

## IV. This Case Involves a "Transfer Not Subject to Tax"

We next turn our attention to the Department's argument that the Trust was subject to immediate inheritance tax because Section 2113 does not apply. Section 2111 of the Act is entitled, "Transfers not subject to tax." It includes the following relevant subsections:

> (a) The transfers enumerated in this section are not subject to the tax imposed by this article.
>
> . . . .
>
> (m) Property owned by husband and wife with right of survivorship is exempt from inheritance tax. If the ownership was created within the meaning of section 2107(c)(3), the entire interest transferred shall be subject to tax under section 2107(c)(3) as though a part of the estate of the spouse who created the co-ownership.

Section 2111(a), (m), 72 P.S. § 9111(a), (m).

10

As we explained above, the Department argues inheritance tax was due under Section 2107(c)(7). Department's Br. at 27-34. The relevant subsections of Section 2107, which is entitled, "Transfers subject to tax," provide as follows:

(a) The transfers enumerated in this section are subject to the tax . . . .

. . . .

(c)(1) All transfers of property specified in subclauses (3) through (7) which are made by a resident or a nonresident during his lifetime are subject to tax to the extent that they are made without valuable and adequate consideration in money or money's worth at the time of transfer.

. . . .

(3) A transfer conforming to subclause (1) and made within one year of the death of the transferor is subject to tax only to the extent that the value at the time of the transfer or transfers in the aggregate to or for the benefit of the transferee exceeds three thousand dollars ($3,000) during any calendar year.

. . . .

(7) A transfer conforming to subclause (1), and under which the transferor has at his death, either in himself alone or in conjunction with any person not having an adverse interest, a power to alter, amend or revoke the interest of the beneficiary, is subject to tax. Similarly, the relinquishment of such a power within one year of the death of the transferor is a transfer subject to tax except as otherwise provided in subclause (3).

Section 2107(a), (c)(1), (3), (7), 72 P.S. § 9107(a), (c)(1), (3), (7).

The plain language of these subsections confirms that Husband's death, and the continuation of the Trust with Wife as the sole trustor and trustee, resulted in a transfer exempt from inheritance tax under Section 2111(m). While the orphans' court and the parties did not address Section 2111(m) below, this Court may affirm

11

an order on appeal if it is "right for any reason." *See In re A.J.R.-H.*, 188 A.3d 1157, 1175-76 (Pa. 2018) (explaining an appellate court may apply the "right for any reason doctrine" where "the established facts support a legal conclusion producing the same outcome. It may not be used to affirm a decision when the appellate court must weigh evidence and engage in fact finding or make credibility determinations to reach a legal conclusion."). Further, accepting for the sake of argument that the transfer at issue would otherwise fall under Section 2107(c)(7), it is a fundamental principle of statutory construction that the specific controls the general. 1 Pa.C.S. § 1933; *see also Terra Firma Builders, LLC v. King*, 249 A.3d 976, 984 (Pa. 2021). The specific exemption from tax found in Section 2111(m) must prevail over the more general language in Section 2107(c)(7) imposing tax.

It is important to recognize Section 2111(m) refers to "[p]roperty owned by husband and wife . . . ." 72 P.S. § 9111(m). Although the parties did not address this subsection specifically, they have argued whether Wife "owns" the property in the Trust. Wife contends that, because she is the trustor, trustee, and beneficiary of the Trust, she is the *de facto* owner of the Trust property. Wife's Br. at 10-11, 20-21. Wife emphasizes that she could simply terminate the Trust, resulting in the Trust property being retitled in her name, and that the law should not treat the property any differently than had the Trust not existed at all. *Id.* at 11-13. The Department concedes Wife is the trustor, trustee, and beneficiary of the Trust but insists these are three separate and distinct roles, with separate and distinct rights, duties, and liabilities regarding the Trust property. Department's Reply Br. at 3-5.

We agree with Wife. An "owner" is "[s]omeone who has the right to possess, use, and convey something; a person in whom one or more interests are vested." Black's Law Dictionary 1331 (11th ed. 2019). Wife maintains each of these rights

12

with respect to the Trust. Our courts have long recognized that such control renders property held in trust equivalent to the "personal property" of the trustor. *See, e.g.*, *In re Lines' Estate*, 26 A. 728, 733 (Pa. 1893). The Trust property retains other hallmarks of ownership as well. The property is subject to claims by Wife's creditors during her lifetime. 20 Pa.C.S. §§ 7745(1), 7748. Under federal tax law, the Trust's income is taxable to Wife, and the Trust is tied to Wife's social security number. *See* Myron Kove et al., *Bogert's the Law of Trusts and Trustees* § 1061 (2022) (citing 26 U.S.C. § 676). A transfer by Wife to the Trust would not incur federal gift tax, although Wife would incur gift tax if she transferred property out of the Trust to someone else during her lifetime. *Id.* § 264.5.

This conclusion is consistent with the Act's other provisions. Significantly, the second sentence of Section 2111(m) explains what happens "[i]f the ownership was created within the meaning of section 2107(c)(3) . . . ." 72 P.S. § 9111(m). Section 2107(c)(3) relates to a "transfer" of property "made within one year of the death of the transferor." 72 P.S. § 9107(c)(3). Once again, Section 2102 defines "transfer" to include a passage of property in trust. 72 P.S. § 9102. Just as a husband and wife may "create" ownership using a trust under Section 2107(c)(3), so too may they create ownership using a trust under Section 2111(m). We find particularly compelling support for this conclusion in Section 2108 of the Act.[15] Section 2108 is an analogous provision entitled, "Joint tenancy":

> (a) When any property is held in the names of two or more persons or is deposited in a financial institution in the names of two or more persons so that, upon the death of one of them, the survivor or survivors have a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right, upon the death of one of them, shall be deemed a transfer subject to tax of a fractional portion

---

[15] Added by Act 22, 72 P.S. § 9108.

of such property to be determined by dividing the value of the whole property by the number of joint tenants in existence immediately preceding the death of the deceased joint tenant.

(b) Except as provided in subsection (c), this section shall not apply to property or interests in property passing by right of survivorship to the survivor of husband and wife.

(c) If the co-ownership was created within one year prior to the death of the co-tenant, the entire interest transferred shall be subject to tax only under, and to the extent stated in, subsection (c)(3) of section 2107 as though a part of the estate of the person who created the co-ownership.

Section 2108(a)-(c), 72 P.S. § 9108(a)-(c).

Importantly, Section 2108 applies if property is held or deposited in a financial institution in the names of two or more persons with a right of survivorship. Section 2102 defines "financial institution" as including "a bank and trust company," and "a trust company." 72 P.S. § 9102. Once one of the persons dies, the accrual of the survivorship right becomes a transfer subject to inheritance tax. Section 2108 would be exactly on point in this case, except it does not impose tax on a husband and wife. This is most likely because our General Assembly intended to exempt a husband and wife from tax under these circumstances and accomplished this intent with Section 2111(m). It appears the General Assembly intended Sections 2108 and 2111(m) to function in substantially the same way—exempting a husband and wife from tax while imposing tax on others. Both provisions even reference Section 2107(c)(3) as an exception.[16] *See Pa. Gaming Control Bd. v. Off. of Open Recs.*, 103 A.3d 1276,

---

[16] This conclusion is also consistent with the Department's online documentation. The instructions accompanying Schedule F to the Pennsylvania inheritance tax return, found on the Department's website, explain that filers should use the schedule "to report all property in which the decedent held an interest as joint tenants with right of survivorship." Pa. Dep't of Revenue, *Schedule F*, https://www.revenue.pa.gov/FormsandPublications/FormsforIndividuals/InheritanceTax/Docum ents/rev-1509.pdf (last visited Sept. 29, 2022). The instructions note that "**[a]ssets held jointly (Footnote continued on next page…)**

14

1285 (Pa. 2014) (quoting *Bd. of Revision of Taxes, City of Phila. v. City of Phila.*, 4 A.3d 610, 622 (Pa. 2010)) (explaining: "statutory language must be read in context . . . every portion of statutory language is to be read 'together and in conjunction' with the remaining statutory language, 'and construed with reference to the entire statute' as a whole").

It is apparent our General Assembly planned for each of the sections in the Act addressing transfers between a husband and wife to work together. Sections 2108, 2111(m), 2113, and even Section 2116(1.1)(ii), which imposes the spousal tax rate of 0%, reveal the General Assembly's consistent objective to spare a husband and wife from inheritance tax on transfers to each other while imposing tax on others. To interpret the transfer here as the Department suggests would lead to inconsistent results and contradict this manifest objective. Under such an interpretation, a spouse who receives a transfer of property for his or her sole use under Section 2113 would pay no inheritance tax. Tax would be deferred and paid on property remaining at the spouse's death. Meanwhile, a co-owner with a right of survivorship, like Wife, would incur tax. This would put a spouse who is not a co-owner and not a trustor in a better position than a co-owner and trustor. The General Assembly would not have intended such an absurd result. *See Off. of Gen. Couns. v. Bumsted*, 247 A.3d 71, 78 (Pa. Cmwlth. 2021) (quoting 1 Pa.C.S. § 1922(1)).

## V. Conclusion

Thus, we conclude the Trust is not a "sole use trust" subject to deferred inheritance tax treatment. The transfer that occurred when Husband died, however, was exempt from inheritance tax under Section 2111(m), as "[p]roperty owned by husband and wife with right of survivorship . . . ." 72 P.S. § 9111(m). We therefore

**with right of survivorship between spouses are not reportable** for inheritance tax purposes." *Id.* (emphasis added).

15

affirm the December 16, 2019 order of the orphans' court, for the reasons set forth in this Opinion.

_____
STACY WALLACE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Estate of Edward J. Potocar,      :
Deceased, Potocar Family Trust      :
                                     :    No. 662 C.D. 2020
                                       :
Appeal of: Department of Revenue,    :
Inheritance Tax Division               :

## **O R D E R**

**AND NOW**, this 30th day of September 2022, for the reasons set forth in the foregoing Opinion, the December 16, 2019 order of the Allegheny County Court of Common Pleas is **AFFIRMED**.

_____
STACY WALLACE, Judge
